REICH v STATE HIGHWAY DEPARTMENT
KNAPP v STATE HIGHWAY DEPARTMENT
BAKER v STATE HIGHWAY DEPARTMENT
OPINION OF THE COURT

1. CONSTITUTIONAL LAW—DUE PROCESS—STATUTES—HIGHWAYS—IN-
FANTS—NOTICE—GOVERNMENTAL AGENCY.

   The 60-day notice provision of the statute, which provides that
   "as a condition to any recovery for injuries sustained by
   reason of any defective highway, the injured person, within
   60 days from the time the injury occurred, shall serve a
   verified notice on the governmental agency of the occurrence

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 121, 579, 581.
51 Am Jur 2d, Limitation of Actions § 182 *et seq.*
[2, 3] 49 Am Jur, States, Territories and Dependencies § 96 *et seq.*
16 Am Jur 2d, Constitutional Law § 485 *et seq.*
[4, 5] 49 Am Jur, States, Territories and Dependencies § 96 *et seq.*

of the injury and the defect" is constitutionally infirm as to minors as depriving them of due process of law because the disabilities of minors, particularly of infants, have long been recognized and protected by the law (MCLA 691.1404).

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—TORTS—HIGHWAYS— GOVERNMENTAL UNITS—GOVERNMENTAL IMMUNITY.

Diverse treatment of members of a class along the lines of governmental or private tortfeasors bears no reasonable relationship under today's circumstances to the recognized purpose of the act which waives the immunity of governmental units and their agencies from liability for injuries caused by their negligent conduct; it constitutes an arbitrary and unreasonable variance in the treatment of both portions of one natural class and is, therefore, barred by the constitutional guarantees of equal protection (MCLA 691.1401 *et seq.*).

3. CONSTITUTIONAL LAW—EQUAL PROTECTION—HIGHWAYS—STATUTES —NOTICE—NEGLIGENCE—GOVERNMENTAL UNITS—LIMITATION OF ACTIONS.

The notice requirements of the statute, which waive the immunity of governmental units and their agencies from liability for injuries caused by their negligent conduct, acts as a special statute of limitations which arbitrarily bars the actions of victims of governmental negligence after only 60 days whereas the victims of private negligence are granted three years in which to bring their actions; such arbitrary treatment clearly violates the equal protection guarantees of our state and Federal Constitutions, therefore, the notice provision is void and of no effect (MCLA 600.5805, 691.1404).

SPECIALLY CONCURRING OPINION
BLACK, J.

4. HIGHWAYS—GOVERNMENTAL AGENCY—TORTS—NOTICE.

*The 60-day notice provision of the statute providing that "as a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 60 days from the time the injury occurred, shall serve a verified notice on the governmental agency of the occurrence of the injury and the defect" and providing liability as well as right of suit, sets forth a short—very short—time limitation against the liability which accrues when the duty imposed thereby is breached (MCLA 691.1404).*

5. TORTS—GOVERNMENTAL IMMUNITY—STATUTES.

*The legislature has declared governmental immunity from tort liability, provided specific exceptions to that standard, and imposed specific conditions upon the exceptional instances of governmental liability; the legislature has the power to make such a law and the Michigan Supreme Court far exceeds its proper function when it declares the enactment unfair and unenforceable (MCLA 691.1404).*

Appeal from Court of Appeals, Division 3, J. H. Gillis, P. J., and R. B. Burns and V. J. Brennan, JJ., affirming Court of Claims, William John Beer, J. Submitted November 3, 1971. (No. 25 October Term 1971, Docket Nos. 52,701–52,703.) Decided February 25, 1972.

17 Mich App 619 reversed.

Complaints by Patricia Reich and Leo Reich; John Knapp, Maxine Knapp, Tamra Linn Knapp, Pamela Kay Knapp, and Frederick Christian Knapp; and Ralph G. Baker and Cynthia A. Baker against the Michigan State Highway Department for damages for injuries resulting from negligent maintenance of a highway. Cases consolidated. Accelerated judgment for defendants. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Reversed and remanded to Court of Claims.

*Wisti & Jaaskelainen,* (by *Don R. Hiltunen*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendant State Highway Department.

Adams, J.

## I. *Facts and Proceedings*

These cases challenge the constitutionality of the notice requirement of 1964 PA 170.

### 1. *Reich v State Highway Department*

On October 10, 1966, on Highway US–45 in Ontonagon County, Patricia Reich suffered a whiplash injury when the car she was driving swerved out of control and collided with a tree. Claims on behalf of herself and her husband were filed December 12, 1966—63 days after the accident.

### 2. *Knapp v State Highway Department*

On August 22, 1966, on Highway US–45 in Ontonagon County, Maxine Knapp and her three children (all under seven years of age) were injured when her car went out of control and overturned a number of times. Claims on behalf of the Knapps and their children were filed November 18, 1966—88 days after the accident.

### 3. *Baker v State Highway Department*

On October 9, 1966, on Highway US–45 in Ontonagon County, Cynthia Baker and her five year old son were injured when her car went out of control, rolled over, and collided with a tree and a boulder. Claims on behalf of the Bakers and their son were filed December 12, 1966—64 days after the accident.

The three cases were consolidated. The Court of Claims granted motions for accelerated judgments because of plaintiffs' failure to comply with the notice requirement of 1964 PA 170. On appeal to the Court of Appeals, that Court affirmed the lower court's decision. (17 Mich App 619.) We granted a delayed application for leave to appeal. (384 Mich 786.)

## II. *Does the 60-day notice provision violate due process as applied to minors?*

The issue of the accrual of a vested right under a remedial statute was decided in *Minty* v *Board of State Auditors,* 336 Mich 370 (1953), where it was held that the state's waiver of sovereign immunity from liability of the state created a cause of action, and that a remedy for the same could not thereafter be denied.

In *Kowalczyk* v *Bailey,* 379 Mich 568 (1967), this Court held that 1948 CL 242.8; MSA 9.598[1] created a liability upon cities for injuries caused by their negligent failure to remove obstructions in their streets after notice thereof.

In *Grubaugh* v *City of St. Johns,* 384 Mich 165 (1970), a 19-year-old plaintiff was severely injured in an automobile accident, allegedly caused by a chuckhole in a street. Defendant city moved to dismiss Grubaugh's complaint on the ground that plaintiff had failed to serve written notice of claim within 60 days, as required by 1948 CL 242.8. Plaintiff answered that because of his injuries, he was incapacitated from giving notice within the required time limit. Justice T. M. Kavanagh, who was joined in his opinion by Justices Black and T. G. Kavanagh, and concurred with by Justices Dethmers and Adams, wrote:

"The primary issue raised below and saved for appeal in this cause is whether the 60-day notice requirement of § 8 of chapter 22 of the general highway statute is constitutionally infirm when applied to a plaintiff rendered mentally or physically incapacitated by the alleged tortious act of a state or

---

[1] 1948 CL 242.8; MSA 9.598: repealed and superseded by 1964 PA 1970; MCLA 691.1401 *et seq.;* MSA 3.996[101] *et seq.*

municipal defendant giving rise to the asserted cause of action." (P 167.)

\* \* \*

" \* \* \* we reject and overrule the reasoning under the rule in *Moulter* [v *Grand Rapids,* 155 Mich 165 (1908)], *supra,* and condemn the purely capricious and arbitrary exercise of legislative power whereby a wrongful and highly injurious invasion of rights is sanctioned and the litigant who fails to submit the required notice of claim is stripped of all real remedy." (P 176.)

\* \* \*

"Since we dispose of this case on the basis of this plaintiff's right to due process, we do not discuss the briefed argument that the 60-day notice requirement in every case violates the equal protection clauses of the state and Federal Constitutions. Such question will undoubtedly arise in some new case where a fully competent adult is the victim." (Pp 176–177.)

The disabilities of minors, particularly of infants, have long been recognized and protected by the law. As to the minors in these cases, we adopt the reasoning of Justice T. M. KAVANAGH in *Grubaugh.*[2] The 60-day notice provision of the statute is constitutionally infirm as to minors.

### III. *Does the 60-day notice provision violate equal protection?*

This Court discussed at length the principles governing equal protection questions in the case of *Fox* v *Employment Security Commission,* 379 Mich 579,

---

[2] While not applicable to this case, we note that the legislature has amended the statute dealt with in *Grubaugh.* 1970 PA 155, adopted August 1, 1970, allows 120 days' notice and allows even further time and proceedings on behalf of minors.

588, 589 (1967).   See, also, *Tomlinson* v *Tomlinson,* 338 Mich 274, 278 (1953).

The object of the legislation under consideration is to waive the immunity of governmental units and agencies from liability for injuries caused by their negligent conduct, thus putting them on an equal footing with private tortfeasors.   However, the notice provisions of the statute arbitrarily split the natural class, *i.e.,* all tortfeasors, into two differently treated subclasses: private tortfeasors to whom no notice of claim is owed and governmental tortfeasors to whom notice is owed.

This diverse treatment of members of a class along the lines of governmental or private tortfeasors bears no reasonable relationship under today's circumstances to the recognized purpose of the act. It constitutes an arbitrary and unreasonable variance in the treatment of both portions of one natural class and is, therefore, barred by the constitutional guarantees of equal protection.

Just as the notice requirement by its operation divides the natural class of negligent tortfeasors, so too the natural class of victims of negligent conduct is also arbitrarily split into two subclasses: victims of governmental negligence who must meet the requirement, and victims of private negligence who are subject to no such requirement.   Contrary to the legislature's intention to place victims of negligent conduct on equal footing, the notice requirement acts as a special statute of limitations which arbitrarily bars the actions of the victims of governmental negligence after only 60 days.   The victims of private negligence are granted three years in which to bring their actions.   See MCLA 600.5805; MSA 27A.5805. Such arbitrary treatment clearly violates the equal protection guarantees of our state and Federal Con-

stitutions.   The notice provision is void and of no effect.[3]

The Court of Appeals is reversed and the causes are remanded to the Court of Claims for trial. Plaintiffs shall have costs.


· T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with ADAMS, J.


BLACK, J. (*concurring specially*).   In *Morgan* v *McDermott*, 382 Mich 333, 356 (1969), Justice ADAMS wrote succinctly for our 1969 majority:

"The condition of liability is compliance with the 60-day notice requirement.   Until it has been fulfilled, there is no liability."

His opinion for that majority concludes flatly (p 360):

"The 60-day notice requirement is a condition 'to any liability   *   *   *   for damages sustained by any person   *   *   *   either to his person or property, by reason of any defective county road, bridge or culvert.' "

Now my Brother, ignoring his opinion of *Morgan,* writes for today's majority (*ante* at p 623):

"Contrary to the legislature's intention to place victims of negligent conduct on equal footing, the notice requirement acts as a special statute of limitations which arbitrarily bars the actions of the victims of governmental negligence after only 60 days."

---

[3] For a recent case in which the entire doctrine of sovereign immunity was overruled as in violation of the equal protection provision of the Fourteenth Amendment to the United States Constitution, see *Krause* v *Ohio,* 28 Ohio App 2d 1; 274 NE2d 321 (1971).

I suggest with utmost deference that *Morgan's* error should be acknowledged manfully and then publicly buried.  Does not the Court owe such a duty to Michigan's trial bench and Bar?

In *Morgan* Justice DETHMERS and I, dissenting, concluded as the Court now does for these cases of *Reich et al.,* namely, that our there considered 60-day notice statute (MCLA 224.21; MSA 9.121), "providing liability as well as right of suit, sets forth a short—very short—time limitation against the liability *which accrues when the duty imposed thereby is breached.*"  (P 378.)  Reiterating this for direct application to the instant cases, I concur in the result ordered by our current majority.

T. E. BRENNAN, J. (*dissenting*).  I decline to join with my Brothers in this enlargement of the constitutional concept of equal protection of the laws.

My Brother has written that the statutory requirement of notice contained in 1964 PA 170, as amended, being MCLA 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* which is contained in § 4 of the Act (MCLA 691.1404; MSA 3.996[104]), is constitutionally invalid as a denial of equal protection of the laws to those persons injured as a result of the negligence of a governmental agency.

The reasoning goes something like this; people injured by private individuals are not required to give any notice of the occurrence of the injury or defect causing the injury.  People injured by the negligence of governmental agencies are required to give such notice.  This is not fair, so the argument goes, and it invidiously discriminates against that class of persons who are injured by the negligence of governmental agencies.  By such folksy rationale, an act of the legislature is summarily disposed of.

The process of judicial repeal of legislative enactments set in motion with this decision will run as far as judicial caprice will carry it. It will now be the fashion for judges to throw out all differentials in statutes of limitations. The obvious place to start, we would suppose, is with MCLA 691.1411; MSA 3.996(111), establishing a statute of limitation of two years for injuries arising out of defective highway. Consider the pregnant field for judicial legislation in MCLA 600.5805, 600.5807, 600.5809, 600.5811, and 600.5813; MSA 27A.5805, 27A.5807, 27A.5809, 27A.5811, and 27A.5813. How busy we can be declaring that various periods of limitations divide potential persons into classes and waving our magic wand to annul such legislation. There is no limitation, it seems, to the ingenuity of judges who disagree with the legislature. What a pity that the American experiment in self-government has in 200 years fallen upon such bad times.

There are, it seems, three co-equal branches of government in name only. Like the pigs in George Orwell's *Animal Farm,* some are more equal than others. I prefer the more traditional and historical approach. The legislature has declared governmental immunity from tort liability. The legislature has provided specific exceptions to that standard. The legislature has imposed specific conditions upon the exceptional instances of governmental liability. The legislature has the power to make these laws. This Court far exceeds its proper function when it declares this enactment unfair and unenforceable. Were I a member of the legislature, I would be sore tempted in the face of this judicial usurpation to support legislation refusing to appropriate any funds to pay any judgments rendered by any courts where the statutory notice requirements have been ignored or judicially disregarded.