KERKSTRA v DEPARTMENT OF STATE HIGHWAYS

Docket No. 57214. Argued May 5, 1976 (Calendar No. 9).—Decided December 7, 1976.

Peter Kerkstra, Sr., administrator of the estate of James J. Kerkstra, deceased, brought an action for damages against the Department of State Highways, alleging that the defendant was negligent in the operation of a traffic signal. Plaintiff's decedent was killed in an automobile accident on a ramp from US-131 to Wealthy Street in Grand Rapids on May 6, 1972; notice of intent to file a claim was given on January 7, 1974; and the complaint was filed on January 29, 1974. The Court of Claims, Joseph P. Swallow, J., granted accelerated judgment for the defendant because of failure of the plaintiff to comply with the notice requirement of the Court of Claims Act. The Court of Appeals, Danhof, P. J., and Bashara and D. E. Holbrook, Jr., JJ., reversed per curiam (Docket No. 21007). Defendants appeal. *Held:*

The provisions of the governmental liability act control cases such as this, exclusive of the Court of Claims Act. The case is remanded to the Court of Claims to provide an opportunity for the state to show that it was prejudiced by the failure of the plaintiff to provide notice timely within the provisions of the governmental liability act.

Justice Coleman, with whom Justice Lindemer and Justice Ryan concurred, voted to reverse on the ground that there is no basis for the Supreme Court to add its own requirements to the reasonable notice requirements provided by the Legislature for claims against the state. The plaintiff failed to comply with the notice provision of the Court of Claims Act and the suit was properly dismissed.

Affirmed and remanded to the Court of Claims for further proceedings.

60 Mich App 761; 231 NW2d 521 (1975) affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 7] 40 Am Jur 2d, Highways, Streets, and Bridges § 579 *et seq.*
[4] 8 Am Jur 2d, Automobiles and Highway Traffic § 866 *et seq.*
[5] 72 Am Jur 2d, States, Territories, and Dependencies §§ 19–23.
[6] 58 Am Jur 2d, Notice § 21 *et seq.*

OPINION OF THE COURT

1. HIGHWAYS—NEGLIGENCE—NOTICE—LIMITATION OF ACTIONS—COURT
   OF CLAIMS ACT.

   2. HIGHWAYS—NEGLIGENCE—NOTICE—GOVERNMENTAL LIABILITY STAT-
   UTE—CONSTITUTIONAL LAW.

   The 120-day notice provision of the governmental liability act
   does not violate the State Constitution if it is posited as having
   the legitimate purpose of avoiding actual prejudice to the state
   (MCL 691.1404; MSA 3.996[104]).

3. DISMISSAL AND NONSUIT—PREJUDICE—NOTICE—HIGHWAYS—NEGLI-
   GENCE.

   A claim against a governmental agency for failure to keep a
   highway under its jurisdiction in reasonable repair may be
   dismissed for failure to give the required 120-day notice only
   upon a showing of prejudice (MCL 691.1402, 691.1404; MSA
   3.996[102], 3.996[104]).

DISSENTING OPINION

COLEMAN, LINDEMER, and RYAN, JJ.

4. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS FUND—NOTICE OF
   CLAIM—PREJUDICE.

   *A decision by the Supreme Court that a claim against the motor
   vehicle accident claims fund may be dismissed for failure to
   give timely notice of claim only upon a showing of prejudice by
   failure to give the notice is overruled as an unwarranted
   intrusion by the Court into a legislative function.*

5. STATES—NEGLIGENCE—GOVERNMENTAL IMMUNITY—NOTICE OF
   CLAIM.

   *A plaintiff is able to proceed against the state on a claim for
   damages only because the Legislature has elected in limited
   instances to lift the state's immunity; the notice provision in
   the Court of Claims Act is reasonable and insures that the*

*state will have a fair chance to defend any action (MCL 600.6431; MSA 27A.6431).*

6. STATUTES—NOTICE—STATUTE OF LIMITATIONS.

   *The law does not permit amendment of statutory notice provisions and statutes of limitation by court edict.*

7. HIGHWAYS—NEGLIGENCE—NOTICE OF CLAIM—COURT OF CLAIMS ACT.

   *An action against the Department of State Highways for failure to maintain a safe highway shall be brought in the manner provided in the Court of Claims Act, and is properly dismissed for failure to file proper notice of the claim (MCL 691.1410; MSA 3.996[110]).*

*Hillman, Baxter & Hammond* (by *William S. Farr* and *Michael D. Wade)* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Francis J. Carrier,* Assistants Attorney General, for defendant.

KAVANAGH, C. J. Plaintiff brought suit for wrongful death arising out of an automobile accident which occurred on May 6, 1972. The complaint alleged negligent design, construction and maintenance of an intersection per MCLA 691.1402; MSA 3.996(102). The suit was brought under the authority of the Court of Claims Act. MCLA 600.6431; MSA 27A.6431.

Notice of intention to file a claim was filed on January 7, 1974, and the complaint was filed January 29, 1974.

The Court of Claims granted defendants' motion for accelerated judgment due to plaintiff's failure to comply with the one-year notice requirement of the Court of Claims Act. MCLA 600.6431(1); MSA 27A.6431(1).

The Court of Appeals reversed, based on its decision in *Hobbs v Michigan State Highway Dept,*

58 Mich App 189; 227 NW2d 286 (1975), in which
it was held that the Court of Claims Act did not
apply to cases brought under MCLA 691.1402;
MSA 3.996(102). The *Hobbs* Court found that in
such cases, the only notice requirement applicable
was that included in MCLA 691.1404; MSA
3.996(104), but held that provision unconstitutional
under *Reich v State Highway Dept,* 386 Mich 617;
194 NW2d 700 (1972). Accordingly, because the
case was brought within the two-year statute of
limitations period contained in MCLA 691.1411;
MSA 3.996(111), the Court of Appeals held that it
was timely.

We held today in *Hobbs v Department of State
Highways,* 398 Mich 90; 247 NW2d 754 (1976), that
the provisions of the governmental liability act,
1964 PA 170, MCLA 691.1402, MCLA 691.1411;
MSA 3.996(102), MSA 3.996(111), control cases
such as this, exclusive of the Court of Claims Act.

We also held that the rationale of *Carver v
McKernan,* 390 Mich 96; 211 NW2d 24 (1973),
applied, and we remanded to the Court of Claims
to provide an opportunity for the state to show
that it was prejudiced by the failure of the plain-
tiff to provide timely notice.

Accordingly, we affirm the ruling of the Court of
Appeals in this case as well, and remand to the
Court of Claims for further proceedings.

No costs, a public question.

WILLIAMS, LEVIN, and FITZGERALD, JJ., concur-
red with KAVANAGH, C. J.

COLEMAN, J. Relying upon its decision in *Hobbs
v State Highway Dept,* 58 Mich App 189; 227
NW2d 286 (1975), the Court of Appeals reversed a
decision of the Court of Claims. 60 Mich App 761,
762; 231 NW2d 521 (1975). We have voted to

reverse the *Hobbs* decisions and vote to reverse this one. Plaintiff alternatively asks us to apply *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973), to these facts. We consider *Carver* to be an unwarranted intrusion into a legislative function and therefore overrule that decision.

James Kerkstra was killed in an automobile accident on May 6, 1972. The administrator of his estate filed a complaint in the Court of Claims on January 29, 1974, alleging that defendants were negligent in the operation of a traffic signal. The state moved for an accelerated judgment because the claim was not timely filed.

In an opinion filed June 3, 1974, the trial judge granted defendants' motion. The court said that "the same sovereign who may enjoy absolute immunity from negligent acts, may statutorily prescribe specific procedures and conditions under which he will consent to liability". The court found the legislative mandate to be "unmistakable" and required the filing of a claim within one year after it accrued. Defendants' motion was granted.

The Court of Appeals reversed on April 28, 1975. It noted that the "parties and the lower court proceeded on the assumption that the Court of Claims Act controlled". However, that Court said it "has recently held [in *Hobbs]* that under facts indistinguishable from those in the present case, the general highway statute * * * is controlling". Because the claim was filed within that act's statute of limitations, the accelerated judgment was reversed. 60 Mich App 762.

We have voted to reject *Hobbs.* We also vote to reject the test devised in *Carver.*

The Court was asked in *Carver* to decide "whether the notice requirement of * * * the Mo-

tor Vehicle Accident Claims Fund Act is unconstitutional as violative of" due process and equal protection guarantees. Because the majority found "a legitimate purpose for the notice provision", they were "constrained to hold that" the notice provision "does not necessarily violate the constitution". However, the Court held that "only upon a showing of prejudice by failure to give such notice, may the claim against the fund be dismissed". 390 Mich 98, 100.

The majority also devised a standard to measure the constitutionality of notice provisions:

"[A] particular provision may still be constitutionally deficient. We must consider the time specified in the notice for an extremely short period may be unreasonable. What period is reasonable in part depends on what purpose the notice serves. Because we cannot say with certainty what purpose the Legislature had in mind in providing for this notice, we are not prepared to say that the six month period provided by this statute is unreasonable as a matter of law." 390 Mich 100.

Even if this test were accepted, plaintiff's claim would fail. In *Hobbs,* we said the notice provision "insures that the state will have a fair chance to defend any action". It permits prompt investigations and leads to informed decisions. The notice provision is a reasonable requirement.

We cannot, however, accept *Carver's* judicial amendment of legislation. Justice BRENNAN's dissent in *Carver* said the "power to legislate necessarily includes the power to declare the boundaries of prohibited or required conduct". 390 Mich 102. In our case, plaintiff is able to proceed against the state only because the Legislature has elected in limited instances to lift the state's immunity. The

notice which the legislation requires (with which plaintiff did not comply) is reasonable.[1]

Since *Carver,* time of notice has become a blurred concept tailored to fit the moment. Bad law is often made in trying to accommodate a specific party. However, the law does not permit amendment of legislation by court edict.

Statutory notice provisions have become as gnats to be brushed aside. Much legislation has been "rewritten" to suit the Court's preference. The result is open-ended notice provisions wherever found, with a great variety of results. This uncertainty is aggravated by the recent trend to expand similarly our statutes of limitation. Justice BRENNAN's dissent in *Carver* found "no justification for judicial legislation". 390 Mich 103. We agree.

The statute permitting suits such as plaintiff's says (MCLA 691.1410; MSA 3.996[110]) they shall be brought in the manner provided by the Court of Claims Act. That statute is authorized by Const 1963, art 9, § 22 which states "[p]rocedures for the examination and adjustment of claims against the state shall be prescribed by law". Plaintiff did not comply with the law.

There is no basis for the Court to add its own conditions to those provided by the Legislature. The requirements are reasonable. They are a legitimate legislative action. The Court should not impose *Carver*-type restrictions on them.

The Court of Appeals should be reversed and the decision of the Court of Claims reinstated.

LINDEMER and RYAN, JJ., concurred with COLEMAN, J.

---

[1] *Also see* the dissents in *Komendera v American Bar & Cabinet Mfrs,* 390 Mich 305, 319, 325; 212 NW2d 173 (1973), and *West v Barton Malow Co,* 394 Mich 334, 341; 230 NW2d 545 (1975). *Komendera* said we should not be "willing to assume amendatory legislative powers".