APPEL v DEPARTMENT OF STATE HIGHWAYS

Docket No. 57598. Submitted October 5, 1976 (Calendar No. 11).—
Decided December 7, 1976.

Donald and Constance Appel brought an action in the Court of
Claims, James T. Kallman, J., against the Department of State
Highways for creating an unsafe highway condition. The Court
of Claims granted the defendant's motion for accelerated judg-
ment because the plaintiffs failed to file their claim or a
written notice of intent within one year after the claim accrued
as required by statute, although plaintiffs' attorney had written
a letter of intention to the defendant within that time. The
Court of Appeals, Allen, P. J., and D. F. Walsh and O'Hara, JJ.,
reversed per curiam and remanded for further proceedings
provided the defendant failed to show it was prejudiced by the
lack of notice (Docket No. 21812). Defendant appeals. *Held:*

The provisions of the governmental liability act control cases
such as this, exclusive of the Court of Claims Act. The case is
remanded to the Court of Claims to provide an opportunity for
the state to show that it was prejudiced by the failure of the
plaintiff to provide notice timely within the provisions of the
governmental liability act.

Justice Coleman, joined by Justice Lindemer and Justice
Ryan, voted to reverse on the ground that the plaintiff failed to
comply with the notice provisions of the Court of Claims Act.

Affirmed and remanded to the Court of Claims for further
proceedings.

OPINION OF THE COURT

1. HIGHWAYS—NEGLIGENCE—NOTICE—LIMITATION OF ACTIONS—COURT
OF CLAIMS ACT.

An action by a person sustaining injury by reason of failure of a
governmental agency to keep a highway under its jurisdiction
in reasonable repair is subject to the two-year statute of limita-
tions and notice provision in the governmental liability act,

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 40 Am Jur 2d, Highways, Streets, and Bridges § 579 *et seq.*
[3] 72 Am Jur 2d, States, Territories, and Dependencies §§ 19–23.

which is different from and exclusive of the one-year provision of the Court of Claims Act (MCL 600.6431, 691.1402, 691.1411; MSA 27A.6431, 3.996[102], 3.996[111]).

2. DISMISSAL AND NONSUIT—PREJUDICE—NOTICE—HIGHWAYS—NEGLIGENCE.

A claim against a governmental agency for failure to keep a highway under its jurisdiction in reasonable repair may be dismissed for failure to give the required 120-day notice only upon a showing of prejudice (MCL 691.1402, 691.1404; MSA 3.996[102], 3.996[104]).

### DISSENTING OPINION

COLEMAN, LINDEMER and RYAN, JJ.

3. STATES—NEGLIGENCE—GOVERNMENTAL IMMUNITY—NOTICE OF CLAIM—COURT OF CLAIMS ACT.

*The statutory exception to immunity requires that claims against the state be processed under the terms of the Court of Claims Act; therefore, an action against the Department of State Highways for personal injury was properly dismissed for failure to file proper notice of the claim where no claim or notice of claim was filed within six months of the injury, and the claim was filed more than one year after the injury. (MCL 691.1410, 600.6431; MSA 3.996[110], 27A.6431).*

*Zeff & Zeff,* by *James M. Mondro,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Ronald F. Rose,* Assistants Attorney General, for the people.

KAVANAGH, C. J. This is an appeal from the Court of Appeals order remanding this case to the Court of Claims. We affirm.

On April 15, 1973, plaintiffs were involved in an accident on I-696. On November 19, 1973 their attorney sent a letter to the State Highway Department informing it of the accident.

On June 3, 1974, complaint was filed in the Court of Claims alleging that defendant had

breached its "duty * * * to keep and maintain its highways in a reasonably safe condition".

Defendant filed a "motion for summary and/or accelerated judgment" alleging that the action was barred because the complaint was not filed within one year after the accident as required by the Court of Claims Act, MCLA 600.6431(1); MSA 27A.6431(1), and because the plaintiff failed to state a claim upon which relief could be granted.

The Court of Claims granted defendant's motion for accelerated judgment due to the untimely filing of the claim or notice of intent to file a claim pursuant to MCLA 600.6431(1), 600.6431(3); MSA 27A.6431(1), 27A.6431(3).

The Court of Appeals reversed and remanded to the Court of Claims "for further proceedings provided the involved department fails to show it was prejudiced by plaintiffs' noncompliance with the applicable provisions of the Court of Claims Act. MCLA 600.6431(3); MSA 27A.6431(3)."

We held today in *Hobbs v Department of State Highways,* 398 Mich 90; 247 NW2d 754 (1976), that the provisions of the governmental liability act, MCLA 691.1402, 691.1411; MSA 3.996(102), 3.996(111), control cases such as this, exclusive of the Court of Claims Act. We also held that the rationale of *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973), applied, and remanded to the Court of Claims to provide an opportunity for the state to show that it was prejudiced by the failure of the plaintiff to provide timely notice.

The complaint in the case at bar was filed within the two-year statute of limitations period contained in MCLA 691.1411; MSA 3.996(111), as were those in *Hobbs, supra,* and *Kerkstra v Department of State Highways,* 398 Mich 103; 247 NW2d 759 (1976).

Accordingly, we affirm the Court of Appeals and remand to the Court of Claims for further proceedings.

No costs, a public question.

WILLIAMS, LEVIN, and FITZGERALD, JJ., concurred with KAVANAGH, C. J.

COLEMAN, J. The Department of State Highways is appealing a Court of Appeals decision which remanded this case to the Court of Claims "for further proceedings provided the involved governmental agency fails to show it was prejudiced by plaintiffs' noncompliance with the applicable provision of the Court of Claims Act".[1] Pursuant to the decisions in *Hobbs v Department of State Highways,* 398 Mich 90; 247 NW2d 754 (1976) and *Kerkstra v Department of State Highways,* 398 Mich 103; 247 NW2d 759 (1976), we would reverse.

On April 15, 1973 plaintiffs were injured in a two-car automobile accident on I-696. Their attorney sent no notice to the Court of Claims but only

---

[1] MCLA 600.6431; MSA 27A.6431:

"(1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

"(2) Such claim or notice shall designate any department, commission, board, institution, arm or agency of the state involved in connection with such claim, and a copy of such claim or notice shall be furnished to the clerk at the time of the filing of the original for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms or agencies designated.

"(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action."

this form letter to the highway department on November 19, 1973, more than seven months after the accident:

"Re: Donald E. Appel
       vs.
    State of Michigan & Detroit Edison
Date of Accident: 4-15-1973
Location of Accident:
   I-696 at Lasher *[sic]* Road
"Gentlemen:
"Be advised that this office represents the above-named in connection with claim for damages suffered due to the consequences of an accident as described above.
"If you are insured, please turn this letter over to your insurance carrier so that they may properly defend you in this matter. Also, contact this office immediately. If you are not insured, please contact us within five (5) days so as to avoid an immediate law suit against you.
"Be further advised that under the laws of the State of Michigan, we hereby claim an attorneys' lien on any and all proceeds received by our clients by way of settlement or collection of judgment."

A vehicle claims adjuster responded on November 29 saying the department did not carry insurance for this type of accident and he could "see no involvement for the Department of State Highways".

Plaintiffs filed a complaint in the Court of Claims on June 3, 1974 (more than one year after the accident). It alleged that plaintiffs' car was side swiped, went out of control and struck a light pole. Claiming that the highway department had breached "a duty * * * to keep and maintain its highways in a reasonably safe condition", plaintiffs sought awards totaling $3,500,000.

Defendant filed a motion for "summary and/or accelerated judgment" because the complaint was

filed more than one year after the accident and also failed to state a proper claim. Plaintiffs responded and oral arguments were also held.

The Court found that plaintiffs "did not file their claim or notice of intent to file a claim within the time limitations specified in MCLA 600.6431(1) or MCLA 600.6431(3) and are barred from any further proceedings in this matter". The Court of Appeals reversed and remanded to determine if defendant was prejudiced by this failure.

In *Hobbs* we said the "statutory exception to immunity requires that claims be processed under the terms of the Court of Claims Act". Even if we assume that plaintiffs' November 19 letter was a notice of claim, it was not filed in the Court of Claims or filed within six months of the personal injury accident. The statute was not followed.

The Court of Appeals recognized this but remanded on the basis of *Hanger v State Highway Department,* 64 Mich App 572, 575; 236 NW2d 148 (1975). *Hanger* concluded that our decision in *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973), "dictates that the accelerated judgment be set aside, and the cause remanded for a hearing to ascertain whether the State Highway Department was prejudiced by plaintiffs' failure to give notice". In *Kerkstra* we voted to overrule *Carver.* There, as here, the plaintiffs did not comply with the law.

Mr. and Mrs. Appel failed to file in the Court of Claims a notice of intention to file a claim. They not only failed to file the notice within six months, but they never did file such a notice. Neither did they file the claim itself within the six-months period (MCLA 600.6431[3]; MSA 27A.6431[3]). In fact, plaintiffs did not file the claim until after expiration of the final statutory deadline of one year (MCLA 600.6431[1]; MSA 27A.6431[1]).

In short, plaintiffs in no way complied with the time limitations set by the Legislature.

The Court of Appeals should be reversed and the Court of Claims affirmed.

LINDEMER and RYAN, JJ., concurred with COLEMAN, J.