HOBBS v DEPARTMENT OF STATE HIGHWAYS

Docket No. 56990. Argued May 5, 1976 (Calendar No. 10).—Decided
    December 7, 1976.

Edith L. Hobbs, executrix of the estate of Gailen L. Hobbs,
    deceased, brought an action against the State Highway Depart-
    ment for damages resulting from an automobile accident in
    which Hobbs was killed when his automobile went off an
    overpass onto a state highway. The plaintiff's claim alleging
    that the defendant improperly designed and constructed the
    overpass was filed with the Court of Claims 16 months after the
    accident occurred. The Court of Claims, Kenneth G. Prettie, J.,
    granted accelerated judgment for the defendant because of the
    plaintiff's failure to comply with the one-year notice provision
    of the Court of Claims Act. The Court of Appeals, Bronson,
    P. J., and D. E. Holbrook and V. J. Brennan, JJ., reversed
    (Docket No. 19890). Defendant appeals. *Held:*

    1. The provisions of the governmental liability act control
    this case, exclusive of the Court of Claims Act, because of the
    express provision in the governmental liability act for claims
    arising out of highway defects.

    2. Statutory notice provisions are not necessarily unconstitu-
    tional, solely because failure to give notice within the pre-
    scribed time may result in prejudice to the state agency.
    Accordingly, the claim against the state may be dismissed only
    upon a showing of prejudice to the state by failure to give
    notice within 120 days.

    Justice Coleman, who was joined by Justice Lindemer and
    Justice Ryan, would have reversed because even if the 120-day
    notice provision of the governmental immunity statute were
    void, the notice provisions of the Court of Claims Act must be
    applied, and the plaintiff's claim was not timely filed in the
    Court of Claims. The intention of the legislation waiving gov-

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5, 7] 40 Am Jur 2d, Highways, Streets, and Bridges § 579 *et seq.*
[4] 58 Am Jur 2d, Notice § 21 *et seq.*
[6] 72 Am Jur 2d, States, Territories, and Dependencies, §§ 19–23.

ernmental immunity was to make uniform the liability of governmental units, and requiring that a claimant give notice of a claim within 120 days after the occurrence is not an unreasonable requirement.

Affirmed and remanded to the Court of Claims for further proceedings.

58 Mich App 189; 227 NW2d 286 (1975) affirmed.

### OPINION OF THE COURT

1. HIGHWAYS—NEGLIGENCE—NOTICE—LIMITATION OF ACTIONS—COURT OF CLAIMS ACT.

   An action by a person sustaining injury by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair is subject to the two-year statute of limitations and a notice provision in the governmental liability act, which is different from and exclusive of the one-year provision of the Court of Claims Act (MCL 600.6431, 691.1402, 691.1411; MSA 27A.6431, 3.996[102], 3.996[111]).

2. HIGHWAYS—NEGLIGENCE—NOTICE—GOVERNMENTAL LIABILITY STATUTE—CONSTITUTIONAL LAW.

   The 120-day notice provision of the governmental liability act does not violate the State Constitution if it is posited as having the legitimate purpose of avoiding actual prejudice to the state (MCL 691.1404; MSA 3.996[104]).

3. DISMISSAL AND NONSUIT—PREJUDICE—NOTICE—HIGHWAYS—NEGLIGENCE.

   A claim against a governmental agency for failure to keep a highway under its jurisdiction in reasonable repair may be dismissed for failure to give the required 120-day notice only upon a showing of prejudice (MCL 691.1402, 691.1404; MSA 3.996[102], 3.996[104]).

4. LIMITATION OF ACTIONS—NOTICE.

   Statutes which limit access to the courts by people seeking redress for wrongs are not looked upon with favor; the Supreme Court acquiesces in the enforcement of statutes of limitation when it is not persuaded that they unduly restrict such access, but it looks askance at devices such as notice requirements which have the effect of shortening the period of time set forth in such statutes.

### DISSENTING OPINION

COLEMAN, LINDEMER, and RYAN, JJ.

5. HIGHWAYS—NEGLIGENCE—NOTICE OF CLAIM—COURT OF CLAIMS ACT.

   *A claimant alleging that the Department of State Highways*

*improperly designed and constructed a highway overpass which caused an automobile accident must comply with the notice of claim provision in the Court of Claims Act even if the 120-day notice provision of the statute waiving governmental immunity for such a claim were void (MCL 600.6431, 691.1404; MSA 27A.6431, 3.996[104]).*

6. States—Constitutional Law—Governmental Immunity—Exceptions—Statutes—Courts.

*The theory of governmental immunity shields the state from liability for torts unless the Legislature provides differently; the Legislature has the power to make laws imposing specific conditions upon the exceptional instances of governmental liability.*

7. Highways—Negligence—Notice of Claim.

*A requirement that the governmental agency be notified of a claim alleging that an injury resulted from a defective highway within 120 days from the time the injury occurred is not an unreasonable limitation on a statute permitting such claims where none are allowed as a right (MCL 691.1404; MSA 3.996[104]).*

*James H. Kaladjian, E. Donald Goodman* and *Martin M. Doctoroff (Ronald D. Feldman,* of counsel) for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

Kavanagh, C. J. On May 22, 1972 Gailen Hobbs was killed when the automobile he was driving plunged off an overpass bridge onto state trunkline highway I-75. Suit was filed in the Court of Claims on October 9, 1973 alleging that the State Highway Department had been negligent in the design and construction of the bridge.

The defendant filed a motion for "accelerated judgment and/or summary judgment", claiming

that the Court of Claims lacked jurisdiction over the subject matter because the overpass was not a part of the state trunkline system. An amendment was then made to this "motion for accelerated and/or summary judgment" alleging that the action was barred due to plaintiff's failure to file the complaint or a notice of intention to file within one year after the claim accrued pursuant to MCLA 600.6431(1); MSA 27A.6431(1) (The Court of Claims Act).

The Court of Claims denied defendant's original motion, but granted the amended motion.

The Court of Appeals reversed. 58 Mich App 189; 227 NW2d 286 (1975).

The parties and the Court of Claims believed that this case was controlled by the provisions of the Court of Claims Act, RJA 6431(1); MCLA 600.6431(1); MSA 27A.6431(1). That act requires that a claim against the state or a notice of intention to file such claim be brought within one year after the claim has accrued.

The Court of Appeals, however, based its decision on 1964 PA 170, MCLA 691.1411; MSA 3.996(111), the statute of limitations provision contained in the governmental liability act, which provides:

"(1) Every claim against any governmental agency shall be subject to the general law respecting limitations of actions except. as otherwise provided in this section.

"(2) The period of limitations for claims arising under section 2 of this act shall be 2 years.

"(3) The period of limitations for all claims against the state, except those arising under section 2 of this act, shall be governed by chapter 64 of Act No. 236 of the Public Acts of 1961."

Both parties agree that this claim arises under § 2, which provides:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency." MCLA 691.1402; MSA 3.996(102).

The Court of Appeals held that because this action was brought under § 2, and because the period of limitation for these actions is two years, this claim was timely filed as it was brought within two years after it arose.

The Court found that the Court of Claims Act did not apply because of the express exception of subsection (3) of MCLA 691.1411; MSA 3.996(111), *supra.* Additionally, it noted that claims arising under § 2 are subject to a notice requirement different from and expressly exclusive of the notice provision in the Court of Claims Act.

Plaintiff, however, did not file notice within 120 days as required by MCLA 691.1404; MSA 3.996(104). Thus, defendant maintained, even if the Court of Claims Act did not control, plaintiff did not meet the time limits of the governmental liability act.

However, based on this Court's decision in *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972), the Court of Appeals held the notice provisions of the governmental liability act unconstitutional. Since the claim was filed within the two-year statute of limitations period, the case

was remanded to the Court of Claims for further proceedings.

Defendant alleges on appeal to this Court that the governmental liability act is not exclusive of the Court of Claims Act, that the notice requirements of the governmental liability act are not unconstitutional, and that even if we should decide that *Reich* controls and these notice requirements are void, the Court of Claims Act would still apply.

We agree with the Court of Appeals that the provisions of the governmental liability act, 1964 PA 170, MCLA 691.1402, MCLA 691.1411; MSA 3.996(102), MSA 3.996(111), control this case, exclusive of the Court of Claims Act.

Having determined that, however, we must consider that portion of the act which provides that notice be given within 120 days of the accrual of the cause of action. MCLA 691.1404; MSA 3.996(104).

In *Reich v State Highway Department, supra,* this Court held the 60-day notice provisions of 1964 PA 170 to be an unconstitutional denial of equal protection of the laws because these notice provisions served "as a special statute of limitations which arbitrarily bars the actions of the victims of governmental negligence after only 60 days. The victims of private negligence are granted three years in which to bring their actions. * * * Such arbitrary treatment clearly violates the equal protection guarantees of our state and Federal Constitutions. The notice provision is void and of no effect." 386 Mich at 623–624.

Defendant in this case observes that the 120-day notice provision currently in effect as a result of 1970 PA 155, was not considered in *Reich,* and that this Court's opinion in *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973), held that statu-

tory notice provisions are not necessarily unconstitutional. We agree.

In *Carver v McKernan, supra,* we held that the notice requirement contained in the Motor Vehicle Accident Claims Act, 1965 PA 198, § 18 as amended by 1968 PA 223, § 1, MCLA 257.1118; MSA 9.2818, did not necessarily violate the constitution. We upheld this notice requirement on the sole basis that the failure to give notice within the prescribed time "may result in prejudice to the fund". Accordingly, we held that " * * * only upon a showing of prejudice by failure to give such notice, may the claim against the fund be dismissed". 390 Mich at 100.

In *Carver,* we acknowledged that

"[S]tatutes which limit access to the courts by people seeking redress for wrongs are not looked upon with favor by us. We acquiesce in the enforcement of statutes of limitation when we are not persuaded that they unduly restrict such access, but we look askance at devices such as notice requirements which have the effect of shortening the period of time set forth in such statutes." 390 Mich at 99.

The rationale of *Carver* is equally applicable to cases brought under the governmental liability act. Because actual prejudice to the state due to lack of notice within 120 days is the only legitimate purpose we can posit for this notice provision, absent a showing of such prejudice the notice provision contained in MCLA 691.1404; MSA 3.996(104) is not a bar to claims filed pursuant to MCLA 691.1402; MSA 3.996(102).

The case is remanded to the Court of Claims for further proceedings.

Affirmed.

No costs, a public question.

WILLIAMS, LEVIN, and FITZGERALD, JJ., concurred with KAVANAGH, C. J.

COLEMAN, J. Relying on *Reich v State Highway Dept,* 386 Mich 617; 194 NW2d 700 (1972), the Court of Appeals reversed the Court of Claims dismissal of this action. This decision should be reversed. The Court of Appeals failed to apply a provision of the Court of Claims Act. Also, we find that the *Reich* analysis was incorrect.

Plaintiff's husband was killed in an automobile accident on May 22, 1972. She filed a complaint in the Court of Claims on October 9, 1973 alleging that the department improperly designed and constructed the bridge where the accident occurred.

The department moved for "accelerated judgment and/or summary judgment". One basis for the motion was that plaintiff's claim was not filed within the time required by the Court of Claims Act. The motion was granted.

Although the trial judge and the parties agreed that the Court of Claims Act controlled, the Court of Appeals was "compelled to point out, * * * and base our decision on a different statutory scheme". 1964 PA 170, the act establishing the limited tort liability of governmental units, requires as "a condition to any recovery for injuries sustained by reason of any defective highway" that the governmental agency be notified "within 120 days from the time the injury occurred". MCLA 691.1404; MSA 3.996(104).[1]

Mrs. Hobbs' claim was filed 16 months after the accident. If the Court of Appeals "were to accept the statute as it now stands, such a failure on her part would permanently bar a recovery". The

[1] As amended by 1970 PA 155, which changed the time limit for notice of claim from 60 days to 120 days.—REPORTER.

Court said our decision in *Reich* "dictates a different result, however".

*Reich* was one of three cases challenging the 60-day notice provision in the predecessor to MCLA 691.1404. The Court said the statute put governmental units "on an equal footing with private tortfeasors". Requiring notice to the governmental unit "constitutes an arbitrary and unreasonable variance in the treatment of both portions of one natural class". This was said to violate equal protection guarantees. The Court held that the "notice provision is void and of no effect".

In our case, the Court of Appeals held that "increasing the time limit to 120 days has not prevented the 'diverse treatment' condemned in *Reich*". The notice provision "does not pass constitutional muster". The Court said plaintiff's claim was filed within the two-year statute of limitations in 1964 PA 170. The summary judgment was reversed.

The decision should not stand. Even if the 120-day notice provision were void the notice provision in the Court of Claims Act must be applied. More importantly, we believe *Reich* incorrectly interpreted the statutory purpose.

The Court of Claims was described by *Taylor v Auditor General*, 360 Mich 146, 149; 103 NW2d 769 (1960), as "a court of legislative creation". The 1908 Constitution designated the board of state auditors to hear claims against the state. The state administrative board succeeded it and was in turn replaced by the Court of Claims. The Const 1963, art 9, § 22 and art 6, § 26 provided for the court's continuation.

In *Manion v State Highway Commissioner*, 303 Mich 1, 20; 5 NW2d 527 (1942), we said the "terms of the State's consent to be sued in any court

define that court's jurisdiction to entertain the suit". As a legislative creation, the Court of Claims "derives its powers only from the act of the Legislature and subject to the limitations therein imposed". Also see *Taylor* and *Farrell v Unemployment Compensation Commission,* 317 Mich 676; 27 NW2d 135 (1947).

In authorizing suits against the state for injuries caused by defective highways (MCLA 691.1402; MSA 3.996[102]), the Legislature said they "shall be brought in the manner provided in" the Court of Claims Act. MCLA 691.1410; MSA 3.996 (110). MCLA 600.6431(1); MSA 27A.6431(1) says no claim "may be maintained against the state unless the claimant, within 1 year after such a claim has accrued" files the claim or notice of intention to file a claim. MCLA 600.6431(3); MSA 27A.6431(3) requires that the notice in all personal injury actions be filed "within 6 months following the happening of the event giving rise to the cause of action".

Plaintiff has not challenged the state's right to claim immunity. In establishing governmental liability for certain occurrences the Legislature said (MCLA 691.1407; MSA 3.996[107]) that otherwise "all governmental agencies shall be immune from tort liability" if exercising or discharging a governmental function. The act "shall not be construed as modifying or restricting the immunity" of the state "as it existed heretofore". The statutory exception to immunity requires that claims be processed under the terms of the Court of Claims Act. Mrs. Hobbs' claim was not timely filed in the Court of Claims.

The greater problem in this case is with *Reich* itself. The conclusion that the legislation waiving immunity put "[governmental tortfeasors] on an

equal footing with private tortfeasors" is not correct. 386 Mich 623.

The theory of governmental immunity shields the state from liability unless the Legislature provides differently. 1964 PA 170, as amended, was designed "to make uniform the liability of * * * the state, its agencies and departments, when engaged in the exercise or discharge of a governmental function, for injuries to property and persons". The legislation was designed "to define and limit such liability". Unlike private tortfeasors, the state has to consent to be sued.

In surrendering some of the state's immunity, the Legislature imposed restrictions. The claim must be brought in the Court of Claims. There is a two-year statute of limitations for claims alleging that injuries resulted from a defective highway. The Legislature also required that the governmental agency be notified of such claims "within 120 days from the time the injury occurred".

We do not believe this legislation was intended to put governmental tortfeasors on an equal footing with private ones. The objective was to make uniform the liability of governmental units. The act defines and limits liability. It lifts the state's immunity only for certain injuries. It describes how claims concerning these injuries are to be processed. It prescribes that a legislatively created forum will adjudicate the claim.

Justice Brennan's dissent in *Reich* contained the correct analysis:

"The legislature has declared governmental immunity from tort liability. The legislature has provided specific exceptions to that standard. The legislature has imposed specific conditions upon the exceptional instances of governmental liability. The legislature has the power to make these laws. This Court far exceeds

its proper function when it declares this enactment unfair and unenforceable." 386 Mich 625, 626.

The majority in *Reich* erred in equating governmental tortfeasors with private.

This incorrect premise led to a conclusion that the notice provision was arbitrary and unreasonable. Under present legislation the claimant must give a notice within 120 days after the occurrence specifying "the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant". We do not consider this an unreasonable requirement. In *Swanson v Marquette,* 357 Mich 424, 431; 98 NW2d 574 (1959), the city charter required that a notice of claim be filed. The Court said the notice given was sufficient. It quoted from *Pearll v Bay City,* 174 Mich 643; 140 NW 938 (1913), including this language:

" 'The purpose of the charter provision is to furnish the municipal authorities promptly with notice that a claim for damages is made, and advise them of the time, place, nature, and result of the alleged accident, and a sufficient statement of the main facts, together with names of witnesses, to direct them to the sources of information that they conveniently may make an investigation.' "

This was also quoted with approval in *Meredith v Melvindale,* 381 Mich 572; 165 NW2d 7 (1969) and *Lisee v Secretary of State,* 388 Mich 32; 199 NW2d 188 (1972). The Court in *Hummel v Grand Rapids,* 319 Mich 616, 624–625; 30 NW2d 372 (1948), equally divided on the question of whether a directed verdict should have been granted. Justice SHARPE's opinion used this quotation from a New York case, *Griffin v Town of Ellenburgh,* 171 App Div 713, 715; 157 NYS 813 (1916):

" 'The purpose of the notice is to fairly apprise the officers of the town of the nature and circumstances of the accident, so that they may investigate the same fully and intelligently and with certainty as to the place and conditions of the accident, so far as the facts are concerned, with a view to making either an appropriate settlement of the claim or an effective and intelligent defense of the action, and if the notice serves that purpose the requirement of the statute has been effectuated.' "

Both opinions in *Hummel* referred with approval to *Pearll.*

The notice provision does not unreasonably restrict the right to seek recovery. It insures that the state will have a fair chance to defend any action. It permits the state to conduct prompt investigation and determine what should be done. The Legislature has permitted suits where none are allowed as a right. The 120-day notice provision is a reasonable condition on that permission.

The Court of Appeals should be reversed and the decision of the Court of Claims reinstated.

LINDEMER and RYAN, JJ., concurred with COLEMAN, J.