BROWN v MANISTEE COUNTY ROAD COMMISSION

Docket No. 146762. Submitted December 16, 1993, at Grand Rapids. Decided April 18, 1994, at 9:25 A.M. Leave to appeal sought.

Billy D. Brown brought an action in the Manistee Circuit Court against the Manistee County Road Commission, alleging that he was injured as a result of the failure of the defendant to maintain in reasonable repair the surface of a road under its control. The court, James M. Batzer, J., granted summary disposition for the defendant, finding that the plaintiff had not complied with the sixty-day notice requirement of MCL 224.21; MSA 9.121 and that the defendant was prejudiced by the plaintiff's failure to give timely notice because the road in question was resurfaced sixty-one days after the accident. The plaintiff appealed, and the defendant cross appealed.

The Court of Appeals *held:*

1. The trial court properly held that the sixty-day notice period of MCL 224.21; MSA 9.121 in the county road statute relating specifically to actions against boards of county road commissioners, rather than the more general 120-day notice period of MCL 691.1404(1); MSA 3.996(104)(1) in the governmental liability statute, is the appropriate period to be applied in this action.

2. The record shows, and the trial court properly found, that the failure to give the required timely notice prejudiced the defendant by making it impossible for it to examine, photograph, or test the road surface before the resurfacing. Accordingly, the trial court properly granted summary disposition for the defendant.

3. The defendant's issue in its cross appeal is rendered moot by the disposition of plaintiff's appeal.

Affirmed.

NEFF, J., dissenting, stated that the appropriate notice period was the 120-day period contained in the governmental liability

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 104, 346, 581.

Liability, in motor vehicle-related cases, of governmental entity for injury or death resulting from failure to repair pothole in surface of highway or street. 98 ALR3d 101.

statute and that, in any event, the separate shorter notice period for actions against county road commissions violates the constitutional guarantees of equal protection.

1. HIGHWAYS — NEGLIGENCE — NOTICE — COUNTY ROAD COMMISSION-
ERS — GOVERNMENTAL LIABILITY STATUTE.

An action against a board of county road commissioners for damages sustained as a result of the failure to keep a road in reasonable repair is subject to the sixty-day notice provision of the county road statute rather than the 120-day notice provision of the governmental liability statute (MCL 224.21, 691.1404[1]; MSA 9.121, 3.996[104][1]).

2. HIGHWAYS — NEGLIGENCE — NOTICE — COUNTY ROAD COMMISSION-
ERS — PREJUDICE.

An action against a board of county road commissioners for damages sustained as a result of the failure to keep a road in reasonable repair may be dismissed for failure to comply with the sixty-day notice provision of the county road statute only upon a showing of prejudice; prejudice is shown where the claim is based on a defect of the road surface and tardy notice of the defect is not given until after the road has been resurfaced (MCL 224.21; MSA 9.121).

*Keller & Katkowsky, P.C.* (by *Lawrence S. Katkowsky*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Craig R. Noland*), for the defendant.

Before: NEFF, P.J., and WEAVER and K. B. GLASER,* JJ.

WEAVER, J. Plaintiff, Billy D. Brown, was injured in a motorcycle accident on June 12, 1988. Brown was traveling on Sherman Street in Manistee County when he struck a large pothole filled with torn-up blacktop, causing him to lose control of his motorcycle. Brown brought suit on June 11, 1990, alleging that defendant, the Manistee County Road Commission, was negligent.

On September 5, 1991, defendant moved for

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

summary disposition pursuant to MCR 2.116(C)(7). Defendant asserted that Brown had failed to comply with the sixty-day notice provision contained in MCL 224.21; MSA 9.121. The trial court found Brown was subject to the sixty-day notice provision, and that defendant was prejudiced by Brown's failure to give notice because the road had been repaved sixty-one days after the accident. Brown now appeals as of right from the November 5, 1991, order granting summary disposition in favor of defendant. We affirm.

The question is whether Brown is subject to the sixty-day notice requirement set forth in MCL 224.21; MSA 9.121, such that Brown's claim is barred for failure to give notice within the required statutory period.

MCL 691.1402; MSA 3.996(102) governs governmental liability for injuries sustained on defective highways. It provides that the "liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in . . . 224.21 of the Michigan Compiled Laws." MCL 224.21; MSA 9.121 states in pertinent part:

> That no board of county road commissioners, subject to any liability under this section, shall be liable for damages sustained by any person upon any county road, either to his person or property, by reason of any defective county road, bridge or culvert under the jurisdiction of the board of county road commissioners, unless such person shall serve or cause to be served within 60 days after such injury shall have occurred, a notice in writing upon the clerk and upon the chairman of the board of county road commissioners of such board . . . .

Brown argues that this provision is superseded

by MCL 691.1404(1); MSA 3.996(104)(1), another provision of the act relating to governmental liability, which provides that a notice must be served within 120 days as a condition to any recovery for injuries sustained by reason of any defective highway.

Statutes that relate to the same subject or share a common purpose, such as the statutes in the instant case, are in pari materia and must be read together as one law. *Feld v Robert & Charles Beauty Salon,* 174 Mich App 309, 317; 435 NW2d 474 (1989), rev'd on other grounds 435 Mich 352; 459 NW2d 279 (1990). If the statutes lend themselves to a construction that avoids conflict, that construction should control. *Baxter v Gates Rubber Co,* 171 Mich App 588, 590; 431 NW2d 81 (1988). When two statutes conflict, and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails. *People v Tucker,* 177 Mich App 174, 179; 441 NW2d 59 (1989).

Here, MCL 224.21; MSA 9.121, the county road law, deals exclusively with boards of county road commissioners. Therefore, the sixty-day notice period prevails over the 120-day notice period.

The next question is whether Brown's claim is barred under MCL 224.21; MSA 9.121 for failure to give notice. Our Supreme Court has upheld the constitutionality of such a notice requirement only where failure to give notice within the prescribed time results in actual prejudice to the defendant. See *Hobbs v Dep't of State Hwys,* 398 Mich 90, 96; 247 NW2d 754 (1976); *Kerkstra v Dep't of State Hwys,* 398 Mich 103, 106; 247 NW2d 759 (1976); *Appel v Dep't of State Hwys,* 398 Mich 110, 112; 247 NW2d 762 (1976).

Here, defendant made a sufficient showing of actual prejudice. The road area on which the

accident occurred had been resurfaced on August 12, 1988, sixty-one days after the date of Brown's accident. Accordingly, defendant was unable to take photographs, examine the pothole, or perform other relevant tests on the surface of the road. Accordingly, we find the court properly granted defendant's motion for summary disposition.

Defendant cross appealed, asking that we reverse the court's denial of defendant's prior motion for summary disposition. Our resolution of plaintiff's appeal makes the assignment of error moot.

We affirm.

K. B. GLASER, J., concurred.

NEFF, P.J., *(dissenting).* I respectfully dissent and would hold that plaintiff's claim is not barred by MCL 224.21; MSA 9.121.

I

In my view, the broad language of MCL 691.1404(1); MSA 3.996(104)(1) preempts application of the sixty-day provision in MCL 224.21; MSA 9.121. MCL 691.1404(1); MSA 3.996(104)(1) provides in pertinent part:

> As a condition to *any recovery for injuries* sustained by reason of *any defective highway,* the injured person, within 120 days from the time the injury occurred, except as provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. [Emphasis added.]

The first criterion in determining the intent of the Legislature is the specific language of the statute. *House Speaker v State Administrative Bd,* 441 Mich 547, 567; 495 NW2d 539 (1993). Words in

a statute are to be accorded their plain and ordinary meaning. MCL 8.3a; MSA 2.212(1). I believe that the words emphasized in the above-quoted portion of the statute serve to override the sixty-day notice provision regarding boards of county road commissioners in MCL 224.21; MSA 9.121.

Further, the sixty-day notice provision has not been applied in any reported cases involving county road commissions since MCL 691.1404; MSA 3.996(104) was amended in 1970. Until that provision was amended by 1970 PA 155, it also contained a sixty-day notice provision. The amendment changed it to 120 days. There is no apparent reason for changing the notice provision regarding governmental agencies other than county road commissions, but not that of the road commissions.

II

Even if I agreed that the Legislature intended that there be a shorter notice period for county road commissions than for other governmental agencies, I would hold that such a legislative scheme violates equal protection guarantees. US Const, Am XIV; Const 1963, art 1, § 2. Those guarantees are violated where the legislative classification is arbitrary and not rationally related to the object of the legislation. *Bissell v Kommareddi,* 202 Mich App 578, 580; 509 NW2d 542 (1993).

The purpose of the provisions requiring notice to governmental bodies of injuries on highways is to provide the governmental agency with an opportunity to investigate the claim while the evidentiary trail is still fresh and to remedy the defect before others are injured. *Hussey v Muskegon Heights,* 36 Mich App 264, 267-268; 193 NW2d 421 (1971).

The legislation here at issue arbitrarily splits the class of those persons suing governmental

agencies for injuries resulting from defective high-
ways into two differently treated classes: those
suing county road commissions, who are required
to file notice of a claim within sixty days of an
injury, and those suing other governmental agen-
cies, who are required to give 120 days' notice of
an injury. The differing treatment of those two
classes of plaintiffs bears no rational relationship
to the recognized purpose of the enactments. I can
surmise no rational reason for requiring a shorter
notice period to county road commissions than to
the state highway department, for instance. The
legislative classification therefore violates constitu-
tional guarantees of equal protection. On that
basis, I would hold that plaintiff's claim is not
barred.