BUCKEYE UNION FIRE INSURANCE CO v MICHIGAN

EMPLOYERS MUTUAL FIRE INSURANCE CO v MICHIGAN

1. EMINENT DOMAIN—JUST COMPENSATION—INTEREST—COMPUTA-
TION OF INTEREST—DATE OF TAKING.

   The "just compensation" to be made for the taking of private
   property for public use requires that a judgment awarded
   for prior taking must include interest on the principal amount
   of the judgment computed from the date of the taking (US
   Const, Am V; Const 1908, art 13, § 1).

2. EMINENT DOMAIN—JUST COMPENSATION—INTEREST—COMPUTA-
TION OF INTEREST—DATE OF TAKING.

   A judgment awarding compensation for fire damage to property
   caused by the State and determined to be a taking of private
   property for public use must include interest on the amount
   awarded computed from the date of the fire, because interest
   runs from the time of the taking to the time of payment
   (US Const, Am V; Const 1908, art 13, § 1).

Appeal from Court of Claims, Leo W. Corkin, J.
Submitted Division 2 November 4, 1971, at Detroit.
(Docket Nos. 10597, 10641.)  Decided January 25,
1972.

Claims by Buckeye Union Fire Insurance Com-
pany and Employers Mutual Fire Insurance Com-
pany against the State of Michigan for fire damage.
Judgment for defendant.  Plaintiffs appealed to the
Court of Appeals.  Affirmed, 13 Mich App 498
(1968).  Plaintiffs appealed by leave granted to the
Supreme Court.  Reversed and remanded to Court
of Claims, 383 Mich 630 (1970).  Judgment entered

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 27 Am Jur 2d, Eminent Domain § 297 et seq.

by the Court of Claims. Defendant appeals that portion of the judgment concerning the date from which interest is to be computed. Reversed and remanded with instructions.

*Davies, Rudzki & Zeder,* for plaintiff Buckeye Union Fire Insurance Company.

*William M. Bolger,* for plaintiff Employers Mutual Fire Insurance Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jerome Maslowski, Russell B. Searl,* and *Russell E. Prins,* Assistants Attorney General, for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. This is an appeal from an entry of judgment on behalf of plaintiffs in the Court of Claims, pursuant to a remand from the Supreme Court. In its decision (383 Mich 630, 632 [1970]), the Supreme Court summarized the facts as follows:

"Industrial property in Detroit, known as the Briggs-Meldrum Plant, was bid off at tax sale in May, 1961, to the State of Michigan for unpaid taxes. Title was conveyed to the state by tax deed of the Auditor General dated June 1, 1962. Buildings on the premises caught fire on April 10, 1963. The fire spread to neighboring properties. Plaintiffs paid for losses to such properties and commenced suit in the Court of Claims to recover from the state. That court denied recovery. The Court of Appeals affirmed (13 Mich App 498). We granted leave to appeal (381 Mich 814)."

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The Supreme Court reversed this Court and the Court of Claims, and remanded the case to the Court of Claims for entry of judgment on behalf of plaintiffs.

The Court of Claims, pursuant to the Supreme Court order, entered judgment for plaintiffs, and further ruled that interest on the principal amount of the judgments should be paid from the date of the original Court of Claims judgment. From this award of interest, the state appeals and argues that interest should not be computed from the date of the original Court of Claims judgment, but rather from the judgment of the Court of Claims following remand from the Supreme Court. Plaintiff Employers Mutual Fire Insurance Company argues that, since the Supreme Court held that the fire here in question was a "taking" which the state was constitutionally compelled to compensate, interest should be computed from the date of the taking, *i.e.,* date of the fire, April 10, 1963. Plaintiff Buckeye Union Fire Insurance Company argues in support of the decision of the Court of Claims.

We believe the Supreme Court's opinion in this case provides the dispositive answer to this appeal. In that case the Supreme Court held that the destruction of the adjoining property was a taking which the state was compelled to compensate under article 13, section 1 of the Constitution of 1908. That constitutional provision states: "Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and *just compensation therefor being first made* or secured in such manner as shall be prescribed by law". (Emphasis supplied.) The Fifth Amendment to the United States Constitution is, in pertinent part, comparable:

"Nor shall private property be taken for public use, without just compensation."

In a case similar to the one at bar (a taking which preceded payment of compensation), the United States Supreme Court determined that "just compensation" demanded that the individual whose property was taken, if he is not paid at the time of the taking, is entitled to interest from the date of the taking to the date of compensation. *Seaboard Airline R Co v United States,* 261 US 299; 43 S Ct 354; 67 L Ed 664 (1923).

The Michigan Constitution of 1908 expressly provides that payment shall be contemporaneous with the taking. If the taking precedes the payment of compensation, it is necessary that interest run from the time of taking to the time of payment. The Michigan Supreme Court so implied in the case of *Campau v Detroit,* 225 Mich 519, 525 (1923). The Supreme Court there stated that " * * * there can be no interest under the constitutional prohibition [Const 1908, art 1, § 13] until there is a 'taking' * * * ".

The "taking" herein was the fire on April 10, 1963. Interest shall be computed, at the statutory rate, from that date until the date of payment.

Remanded for award of interest consistent with this opinion. No costs.