MOORE v DEPARTMENT OF MILITARY AFFAIRS

1. Militia—National Guard—Officers—Retirement.

A recommendation by a board of officers and subsequent approval by the Governor that an officer of the national guard has attained retirement status does not confer that status, but is only a determination that the officer has attained retirement status through compliance with statutory requirements.

2. Militia—National Guard—Officers—Retirement.

An officer of the national guard who has been separated from service because of a loss of Federal recognition by reason of completion of maximum service under Federal regulations is not entitled to have his name placed on a list of retired officers until he has reached the time when he is eligible for retirement benefits.

3. Militia—National Guard—Officers—Retirement—Statutes.

Placement of a national guard officer's name on a list of retired officers is not the event which confers retirement status because retirement is a prerequisite to placement on the list (MCLA 32.805).

4. Militia—National Guard—Officers—Retirement—Statutes.

An officer of the national guard who is separated because of a loss of Federal recognition by reason of completion of service under Federal regulations may be considered "retired" but is not entitled to benefits until age 60 (MCLA 32.49a, 32.49b, 32.835).

5. Militia—National Guard—Retirement—Federal Law—Statutes—Conflicts.

Statutes which provide for retirement and retirement benefits for members of the national guard do not conflict with applicable Federal law because the Federal law does not provide a formula for computing state retirement benefits and the state statutes provide a benefit program which is supplemental to the Federal scheme (10 USC 1401; MCLA 32.49a, 32.49b, 32.835).

Reference for Points in Headnotes
[1–5] 53 Am Jur 2d, Military, and Civil Defense § 45.

Appeal from Court of Claims, Donald E. Holbrook, Jr., J. Submitted Division 2 January 7, 1975, at Lansing. (Docket No. 20966.) Decided April 9, 1975. Leave to appeal granted, 395 Mich 753.

Complaint by Noble O. Moore against the Department of Military Affairs, for an adjustment of his retirement pay. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*H. Donald Bruce,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Roderick T. MacGillis,* Assistant Attorney General, for defendant.

Before: DANHOF, P. J., and McGREGOR and D. F. WALSH, JJ.

D. F. WALSH, J. This is an appeal from a judgment of the Court of Claims granting the defendant's motion for summary judgment. It invites our interpretation of certain sections of two acts, both of which pertain to matters relating to Michigan's military establishment. One is the military establishments law, 1909 PA 84, as amended, MCLA 32.1–32.85; MSA 4.591–4.675, and the other is the Michigan Military Act (new), 1967 PA 150; MCLA 32.501–32.851; MSA 4.678(101)–4.678(451).

Plaintiff, a brigadier general, was honorably separated from the Michigan National Guard at age 55, on August 9, 1967. His separation resulted from the loss of Federal recognition by reason of completion of maximum service under the provisions of National Guard Regulation No. 20-4, § 5c(1)(b). By special order dated August 24, 1967, plaintiff's name was placed on the list of retired

officers of the Michigan National Guard effective August 10, 1967, under the provisions of Section 405, 1967 PA 150. MCLA 32.805; MSA 4.678(405).

Although his name was placed on the list of retired officers plaintiff was not at this time eligible for nor did he receive retirement benefits.

On May 30, 1972, a special retirement board of officers was convened pursuant to Section 421, 1967 PA 150; MCLA 32.821; MSA 4.678(421), for the purpose of considering plaintiff's application for retirement and made the following recommendation:

" * * * the Board recommends that Brigadier General Noble O. Moore, having been found qualified for retirement benefits, be retired pursuant to the provisions of § 49 and 49c, P.L. 84, 1909, as amended, and § 435, PA 150, 1967, State of Michigan, beginning 11 July 1972."[1]

The Governor approved this recommendation on June 8, 1972.

Section 49, 1909 PA 84, as amended, which is cited in the retirement recommendations, clearly provides that retirement benefits are to be computed on the basis of the active service annual pay to which an officer was entitled "at the time of his retirement".

"Sec. 49. Notwithstanding any other provisions of this act any officer of the national guard * * * who shall have completed not less than fifteen years service * * * and who is or has been on actual state duty for not less than ten years, may be retired with annual pay equal to the product of two and one-half per centum of the active service annual pay to which entitled *at the time*

---

[1] Michigan Department of Military Affairs, proceedings of a Board of Officers, Brigadier General Noble O. Moore, 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, Michigan National Guard, convened May 30, 1972, p 2.

*of his retirement* multiplied by a number equal to the years of his active service, not in excess of thirty years * * * ." (Emphasis supplied.) MCLA 32.49; MSA 4.640(1).

Disagreement over the proper application of the words ."at the time of his retirement" in Section 49, as they apply to the circumstances of this case, generated plaintiff's complaint in the Court of Claims.

Plaintiff argues that his retirement took place on July 11, 1972, as the result of the Governor's approval of the recommendation affirming his eligibility to receive benefits. Defendant argues that plaintiff's date of retirement was August 10, 1967, the effective date of placement of his name on the state military retirement list. Computation of benefits based on active service annual pay as of the 1972 date results in an increase in monthly retirement pay in the amount of $611.78.

Plaintiff's contention that retirement status is attained only after the recommendation of a board of officers, duly convened under the provisions of Section 421, 1967 PA 150; MCLA 32.821; MSA 4.678(421), has been approved by the Governor is unpersuasive. If approval by the Governor of a retirement board's recommendation is the event that confers retirement status, then two officers who have been separated honorably from active service on the same date and under identical circumstances could attain retirement status on different dates depending upon when the board of officers was convened in each case. They could thereby each acquire a different basis for the computation of retirement benefits. Such a result makes it obvious that the recommendation of the board of officers does not *confer* retirement status nor does the approval of the recommendation by

the Governor. The board must itself look to the statutory enactments and make its determination based upon those enactments insofar as they apply to the circumstances of each individual case. In other words, the board does not *confer* retirement status, it makes a determination as to whether or not an officer has attained retirement status through compliance with statutory requirements.

Plaintiff also maintains that an officer's name could properly be placed on the retirement list prior to the effective date of his retirement. It seems obvious to us, however, from the plain meaning of the words used that one could not have his name placed on a list of *retired* officers unless and until he had attained retirement status. The statute certainly does not provide for the creation, regulation, and maintenance of an official list of retired officers on which the names of officers who have not yet retired could be enrolled.

In addition Section 407, 1967 PA 150; MCLA 32.807; MSA 4.678(407), permits the Governor to remove an officer from the retired list for the purpose of recalling or recommissioning him to active service. The act provides that the officer so recalled to active service shall be restored to his "prior retirement status" when he is again separated from active service. If the officer had not attained retirement status when his name was placed on the list, then the words referring to his "prior retirement status" would be nonsensical.

The same section also provides that no person on the state military retirement list is entitled to receive any pay or emolument from the state for military duty during the time he remains on the retired list. Retirement benefits are computed with reference to the active service annual pay to which the retiree was entitled at the time of his retire-

ment. Plaintiff was entitled to active service monthly pay in the amount of $1,384.80 in August of 1967 when his name was placed on the retirement list. He claims to be entitled to active service monthly pay in the amount of $2,200.50 in July of 1972. If this claim is meritorious, the Department of Military Affairs would be required to credit him with all active service pay increases earned for military duty between August 1967 and July 1972. Plaintiff would thus have received an emolument from the state for military duty during the time he remained on the retired list, in contravention of Section 407.

We are equally unpersuaded by defendant's argument that placement of an officer's name on the retirement list is the event which confers retirement status.

Plaintiff's name was placed on the retirement list under authority of Section 405, 1967 PA 150[2] which provides:

"Sec. 405. An officer who has served in the national guard, *upon honorable retirement* from active service whether on his own application or otherwise, may be carried on the state military retired list maintained in the office of the adjutant general." (Emphasis supplied.) MCLA 32.805; MSA 4.678(405).

A reading of this section makes it clear that "honorable retirement" from active service is a prerequisite to placement on the list. Therefore, placement on the list cannot also be the event which confers retirement status.

As stated above Section 49, 1909 PA 84, as

---

[2] See Special Orders, Number 189-ARNG, Michigan Department of Military Affairs, 24 August 1967, § 10:

"Sp Info: BG Moore is placed on list of retired officers Mich National Guard eff. 10 Aug 67, UP Sec. 405, Act 150, PA 1967."

amended, clearly provides that retirement benefits are to be determined on the basis of the active service annual pay to which an officer was entitled "at the time of his retirement". We recognize that not every honorable separation from active service constitutes honorable retirement therefrom. We must determine whether plaintiff's separation from active service on August 9, 1967, constituted his retirement thereby establishing the date of separation as the "time of his retirement" for purposes of computation of retirement benefits.

Plaintiff retired under Section 435, 1967 PA 150, which provides:

"Sec. 435. Those eligible * * * as provided in Act No. 84 of the Public Acts of 1909, as amended, shall receive retirement pay upon reaching age 60, provided they have been separated from the national guard or defense force for age, physical reasons or as a result of federal law or regulation and such separation was honorable and not self-generated." MCLA 32.835; MSA 4.678(435).

This section, when read by itself, gives no indication whether an officer retiring thereunder attains retirement status on the date of separation "for age, physical reasons or as a result of federal law or regulation" or on the subsequent date when he becomes eligible to receive benefits. However, there are two other statutory enactments contained in Sections 49a and 49b, 1909 PA 84, as amended, and Section 411, 1967 PA 150, which like Section 435, *supra,* provide for the payment of retirement benefits at age 60 to officers previously separated from active service under certain specified conditions. Both of these enactments contain clear indications that the officer attains retirement status on the date of separation and not on the

subsequent date on which he becomes eligible to receive benefits.

Section 49a authorizes retirement status for officers becoming ineligible for further Federal recognition by reason of age or by reason of physical disqualification. MCLA 32.49a; MSA 4.640(1a). Section 49b provides that officers "retired" under Section 49a shall become eligible to receive retirement benefits at age 60. MCLA 32.49b; MSA 4.640(1b).

Section 411 provides that an officer may be "retired" upon the fulfillment of certain conditions at whatever age while at the same time providing for a deferment of retirement benefits until age 60.

Thus these sections which are similar to Section 435 both in format and in content describe the separation from active service as *retirement.*

Our understanding of Section 435, when read in light of the provisions of Sections 49a and 49b and Section 411, leads us to the conclusion that plaintiff attained retirement status on August 9, 1967, the date on which he was separated from active service, and that his retirement benefits must be computed on the basis of the active service annual pay to which he was entitled as of that date.

The plaintiff next contends that a construction of the statute which sets his retirement date in 1967 would cause the Michigan statute to be at variance with applicable Federal law. This argument is unpersuasive because we find that there is no conflict between the relevant state and Federal statutory schemes pertaining to retirement compensation benefits of guard officers.

Plaintiff refers to MCLA 32.503; MSA 4.678(103), which expresses the legislative intent that Michigan law relating to the National Guard be in conformity with applicable Federal law. That sec-

tion further provides that the "laws of this state shall be construed to effect this intent, and anything to the contrary shall be held to be null and void as long as the subject matter shall have been acted upon by the United States".

Reference is then made by the plaintiff to the Federal Armed Forces Act, 10 USC 1401, entitled "computation of retired pay". The portions of that statute applicable to the plaintiff provide that the monthly retirement pay is to be computed "at rates applicable on date when retired pay is granted". It is not disputed that retirement pay was not granted until 1972. In fact, under 10 USC 1331(a), the plaintiff was not entitled to receive retirement pay until July 11, 1972, when he attained the age of 60 years.

The plaintiff, however, has overlooked the fact that 10 USC 1401 deals only with Federal retirement pay granted to military personnel who have retired under § 1331 of the Act. Since the Federal scheme does not provide a formula for computing state retirement benefits, there exists no direct conflict between Federal and state law which would dictate that the former should prevail. The State of Michigan has no obligation to duplicate Federal retirement benefits of members of the Michigan National Guard, but has provided for a state retirement benefit program which is supplemental to the Federal scheme. See MCLA 32.49c; MSA 4.640(1c).

We find no conflict between the applicable Federal and state statutes.

Affirmed.