MOORE v DEPARTMENT OF MILITARY AFFAIRS

Docket No. 57162. Argued May 6, 1976 (Calendar No. 8).—Decided December 21, 1976.

Noble Moore brought an action against the Department of Military Affairs for an adjustment of his retirement pay. Moore, a Brigadier General in the Michigan National Guard, was separated from active duty in 1967 as a result of Federal regulations limiting the time of service and was placed on the state military retired list. He became eligible for retirement benefits in 1972 at the age of 60, but benefits were calculated on the basis of his annual pay in 1967 when he separated from active service. Plaintiff contended that his state retirement benefits should be calculated on the basis of the 1972 rate of pay. The Court of Claims, Donald E. Holbrook, Jr., J., granted summary judgment for defendant. The Court of Appeals, Danhof, P. J., and McGregor and D. F. Walsh, JJ., affirmed (Docket No. 20966). Plaintiff appeals. *Held:*

The Legislature has recognized that it could not anticipate the interstices which unavoidably develop in legislation of this scope by providing that it was the intent of the Legislature that the Michigan Military Act be construed to conform to applicable laws and regulations of the United States. The Michigan Military Act does not contemplate a specific date of retirement for purposes of computing retirement benefits; however, the Federal Armed Forces Act provides that retirement pay be computed at rates applicable on the date when retired pay is granted. Therefore, the rate of pay for computing retirement benefits under the Michigan Military Act shall be the rate of pay applicable when the recipient becomes eligible for benefits.

Reversed and remanded to the Court of Claims for entry of summary judgment in favor of the plaintiff.

60 Mich App 338; 230 NW2d 422 (1975) reversed.

1. STATUTES—CONSTRUCTION—LEGISLATIVE INTENT.

The first rule of statutory construction is to discover and give effect to the intent of the Legislature.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 274–276.

[2, 3] 73 Am Jur 2d, Statutes §§ 193, 254.

2. MILITIA—NATIONAL GUARD—STATUTES—CONFLICTS—LEGISLATIVE
INTENT.
   The intent of the Legislature is best effectuated by construing the
   Michigan Military Act provisions for retirement and retirement
   benefits for members of the national guard to avoid incongru-
   ence with the relevant provisions of the Federal Armed Forces
   Act (10 USC 1401; MCL 32.503; MSA 4.678[103]).

3. MILITIA—NATIONAL GUARD—RETIREMENT BENEFITS—COMPUTATION.
   The rate of pay for computing retirement benefits for a member
   of the national guard under the Michigan Military Act is that
   rate of pay applicable on the date when the member becomes
   eligible for retirement benefits, where the member retired
   before that date because of Federal regulations limiting the
   length of service (10 USC 1401; MCL 32.49; MSA 4.640[1]).

*H. Donald Bruce* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Norbert G. Jaworski,* Assistant Attorney General, for defendant.

PER CURIAM. We are asked to determine the date when plaintiff retired from the Michigan National Guard for purposes of computing his retirement pay under the military establishment act, 1909 PA 84, MCLA 32.1–32.85; MSA 4.591–4.675 and the Michigan Military Act, 1967 PA 150, MCLA 32.501–32.851; MSA 4.678(101)–4.678(451). Plaintiff contends that his retirement occurred at the time he became eligible for retirement benefits in July of 1972. Defendant maintains that it was plaintiff's separation from active service in August of 1967 which occasioned his retirement.

Plaintiff, recently deceased, was an officer with more than 31 years of military service who attained the rank of Brigadier General in the Michigan National Guard. On August 9, 1967, plaintiff's recognition as an officer in the National Guard of the United States was withdrawn in accordance with established practice by reason of maximum service pursuant to National Guard Regulation

No. 20-4, § 5c(1)(b). As a result, he was separated from service with the Michigan National Guard and his name was placed on the state military retired list effective August 10, 1967, as provided by statute. MCLA 32.811(b); MSA 4.678(411)(b); MCLA 32.805; MSA 4.678(405).

On May 30, 1972, a special retirement board of officers was convened pursuant to 1967 PA 150, § 421; MCLA 32.821; MSA 4.678(421), for the purpose of considering plaintiff's application for retirement. It made the following recommendation:

" * * * the Board recommends that Brigadier General Noble O. Moore, having been found qualified for retirement benefits, be retired pursuant to the provisions of § 49 and 49c. P.L. 84, 1909 as amended and § 435, PA 150, 1967, State of Michigan, beginning 11 July 1972."

The Governor approved this recommendation on June 8, 1972.

Plaintiff's retirement benefits were calculated pursuant to 1909 PA 84, § 49, as amended, which provides that retirement benefits are to be computed on the basis of the active service annual pay to which an officer was entitled "at the time of his retirement". Plaintiff's benefits were computed using the 1967 date of separation from active service and as a result his pay was $611.78 per month less than he would have received had defendant used the rate of pay in effect in 1972.

Plaintiff filed a complaint in the Court of Claims contending that he retired in July of 1972, and that his retirement benefits should be calculated on the rate of pay in effect at that time. Defendant moved for summary judgment, briefs were filed, and the Court of Claims held that plaintiff's monthly retirement benefit was correctly calcu-

lated based upon the pay tables in effect at the time of his retirement in 1967. The Court of Appeals affirmed. 60 Mich App 338; 230 NW2d 422 (1975). This Court granted leave to appeal on September 9, 1975. We reverse.

This Court has observed many times that the first postulate of statutory construction is to discover and give effect to the intent of the Legislature. See, *e.g., Dussia v Monroe County Employees Retirement System,* 386 Mich 244, 248; 191 NW2d 307 (1971). The instant task of determining when plaintiff retired for purposes of computing his retirement benefits is one of first impression. We are aided, however, by 1967 PA 150, § 103, which contains a general statement of legislative intent on the construction of the act. Section 103 provides:

"It is the intent of this act and other acts of this state affecting the Michigan national guard, the Michigan defense force and the unorganized militia to conform to applicable acts and regulations of the United States. The laws of this state shall be construed to effect this intent, and anything to the contrary shall be held to be null and void as long as the subject matter shall have been acted upon by the United States. Upon any subject not acted upon with reference to these matters by the United States, any law or regulation of this state shall be in full force and effect." MCLA 32.503; MSA 4.678(103).

The Federal Armed Forces Act, 10 USC 1401, provides that monthly retirement pay to those retired under § 1331 of the act shall be computed "at rates applicable on date when retired pay is granted". It is not disputed that retirement pay was not granted to plaintiff until 1972.

While the Federal act technically does not apply to the payment of state retirement benefits, this

area is particularly appropriate for a construction harmonizing the statutes involved. A great percentage of the payment for virtually all National Guard activities comes from the Federal government. Here, plaintiff's retirement benefits paid by the Federal government and calculated using the 1972 date were subtracted from the state rate of pay calculated at the 1967 rate. The state paid only the difference. The Michigan Military Act contains numerous references to Federal procedures. Indeed, plaintiff was separated from active service because under Federal regulations he had served the maximum allowable time.

The Legislature, by enacting § 103, wisely recognized that it could not anticipate the interstices which unavoidably develop in legislation of this scope. This Court cannot say with any degree of confidence that the Michigan Military Act contemplates a specific date of retirement for purposes of computing retirement benefits. However, the subject matter of 10 USC 1401, "computation of retired pay", does establish a certain date for such purposes. Accordingly, we conclude that the intent of the Legislature is best effectuated by construing the Michigan Military Act to avoid incongruence with the Federal provisions.

This conclusion finds support in the rule that where "language is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby". *People v McFarlin,* 389 Mich 557, 563; 208 NW2d 504 (1973) (quoting *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531; 33 NW2d 69 [1948]). Our conclusion gives effect to the spirit and purpose of the act in light of the existing Federal involvement and the express language of § 103. See *Aikens v Dept of Conservation,* 387 Mich 495, 499; 198 NW2d 304 (1972).

We hold that the rate of pay for computing retirement benefits under 1909 PA 84, § 49, as amended; MCLA 32.49; MSA 4.640(1) shall be that rate of pay applicable on the date when an individual becomes eligible for such benefits. Here, that date is July 11, 1972, plaintiff's sixtieth birthday.

The Court of Appeals is reversed and the cause is remanded to the Court of Claims for entry of summary judgment in favor of plaintiff. No costs, a public question.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.