MOORE v DEPARTMENT OF MILITARY AFFAIRS

LARKEY v DEPARTMENT OF MILITARY AFFAIRS

Docket Nos. 78-1460, 78-1461. Submitted December 11, 1978, at Lansing.—Decided February 20, 1979.

> Noble O. Moore and Kenneth Larkey, retirees of the Michigan National Guard, commenced separate actions, in the Court of Claims, against the Department of Military Affairs for an adjustment of their retirement pay. The Court of Claims granted judgments for the defendant. The plaintiffs appealed. The Michigan Supreme Court eventually reversed and remanded to the Court of Claims, *Moore v Dep't of Military Affairs*, 398 Mich 324 (1976), and *Larkey v Dep't of Military Affairs*, 399 Mich 1936 (1977). On remand, the Court of Claims, Martin E. Clements, J., entered summary judgments for the plaintiffs on the principal amounts owing and determined that interest should run from the date of the judgments. Plaintiffs appeal, alleging that they are entitled to interest from the time retirement benefits came due but were wrongfully withheld. *Held:*

> The Court of Claims judgment interest statute bars recovery in the Court of Claims of prejudgment interest on damages.

> Affirmed.

> J. H. GILLIS, J., dissented. He would hold that the plaintiffs should be allowed to recover prejudgment interest as an element of damages.

OPINION OF THE COURT

1. INTEREST — JUDGMENT — PREJUDGMENT INTEREST.

> The Court of Appeals recognizes a distinction between interest on a judgment and prejudgment interest included as an element of damages; the former is purely statutory, while the latter has evolved judicially.

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Interest and Usury §§ 59, 60, 96, 97.

[2] 45 Am Jur 2d, Interest and Usury § 74.

[3] 45 Am Jur 2d, Interest and Usury § 60.

2. JUDGMENT — INTEREST — PREJUDGMENT INTEREST — EXCEPTIONS
   — STATUTES.

   The Court of Claims judgment interest statute prohibits the
   Court of Claims from awarding prejudgment interest on dam-
   ages, except where expressly stipulated to by contract (MCL
   600.6455; MSA 27A.6455).

DISSENT BY J. H. GILLIS, J.

3. INTEREST — PREJUDGMENT INTEREST — DAMAGES — LIQUIDATED
   DAMAGES.

   *It is a denial of full compensation to preclude prejudgment
   interest on an award of damages where the damages are
   liquidated.*

*H. Donald Bruce,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Stephen H.
Garrard,* Assistant Attorney General, State Affairs
Division, for defendant.

Before: R. B. BURNS, P.J., and J. H. GILLIS and
V. J. BRENNAN, JJ.

R. B. BURNS, P.J. When plaintiffs retired from
the Michigan National Guard, a dispute arose over
the computation of their retirement benefits. The
Supreme Court eventually determined that plain-
tiffs had been underpaid, and remanded to the
Court of Claims for entry of summary judgments
in favor of plaintiffs. *Moore v Dep't of Military
Affairs,* 398 Mich 324; 247 NW2d 801 (1976), *Lar-
key v Dep't of Military Affairs,* 399 Mich 1036; 249
NW2d 302 (1977). On remand, the Court of Claims
entered judgments on the principal amounts owing
and determined that interest should run from the
date it entered the judgments. Plaintiffs appeal,
arguing they are entitled to interest from the time

retirement benefits came due, but were wrongfully withheld.

The issue presented on appeal is whether the Court of Claims judgment interest statute, MCL 600.6455; MSA 27A.6455, bars recovery in the Court of Claims of prejudgment interest on damages. We hold that it does.

MCL 600.6455; MSA 27A.6455 provides:

"No interest shall be allowed upon any claim up to the date of the rendition of judgment by the court, unless upon a contract expressly stipulating for the payment of interest. All judgments from the date of rendition thereof shall carry interest at the rate of 5% per annum, except that judgment upon a contract expressly providing for interest shall carry interest at the rate provided by said contract in which case provision to that effect shall be incorporated in the judgment entered."

In construing the statute, our function is to discover and give effect to the intent of the Legislature. See, *e.g., Moore v Dep't of Military Affairs, supra,* at 327; 247 NW2d at 803.

Although this Court has several times stated in particular cases that plaintiffs could not recover prejudgment interest in the Court of Claims, citing MCL 600.6455; MSA 27A.6455, *Williams v Dep't of State Highways,* 44 Mich App 51; 205 NW2d 200 (1972), *Reich v State Highway Comm,* 43 Mich App 284; 204 NW2d 226 (1972), but see *Buckeye Union Fire Ins Co v Michigan,* 38 Mich App 155; 195 NW2d 915 (1972), the Court has not addressed the precise question presented in the instant case. *Williams* involved the applicability of the more specific Court of Claims judgment interest statute over the general judgment interest statute, MCL 600.6013; MSA 27A.6013, and *Reich* appears to

have involved a request for unliquidated, not easily ascertainable damages for trespass, in which prejudgment damages interest would not be allowable in any event. See *Banish v Hamtramck,* 9 Mich App 381; 157 NW2d 445 (1968).

This Court has recognized a distinction between interest on a judgment and prejudgment interest included as an element of damages. The former is purely statutory, while the latter has evolved judicially. See *Militzer v Kal-Die Casting Corp,* 41 Mich App 492, 496-497; 200 NW2d 323, 326 (1972), *Vannoy v City of Warren (On Rehearing),* 26 Mich App 283, 288; 182 NW2d 65, 68 (1970), *aff'd,* 386 Mich 686; 194 NW2d 304 (1972), *Banish v Hamtramck, supra, Swift v Dodson,* 6 Mich App 480, 483; 149 NW2d 476, 478 (1967). Both have the purpose of compensating the plaintiff for the loss of use of funds. *Vannoy v City of Warren, supra.* Although there exists some confusion as to when prejudgment damages interest is recoverable, *Banish v Hamtramck, supra,* it is clear that, but for MCL 600.6455; MSA 27A.6455, it would be recoverable in the instant case. As in *Banish,* the disputed amount of pension benefits is certain, and an award of interest is necessary to insure adequate compensation.

Notwithstanding the applicability of the rationale for an award of prejudgment interest on damages in the instant case, the statute bars such recovery. The first sentence unambiguously excludes recovery of any prejudgment interest, except that expressly stipulated to by contract. The second sentence adequately establishes that the time at which judgment interest is recoverable is the date of judgment, without the necessity of further indicating in the first sentence that judgment interest is not recoverable prior to the date

of judgment. Unless the first sentence refers to prejudgment interest on damages, it is meaningless.[1] The Court must give effect to every sentence of a statute, if possible. *Grand Rapids v Crocker,* 219 Mich 178, 182; 189 NW 221, 222 (1922). Moreover, the exception of expressly stipulated contract interest is a form of prejudgment interest on damages; in order to be an exception to the general rule, the general rule must prohibit recovery of prejudgment interest on damages generally. We therefore hold that the statute bars recovery of prejudgment interest on damages in the Court of Claims.

*Banish v Hamtramck, supra,* is not inconsistent. The language barring recovery of prejudgment interest on damages in MCL 600.6455; MSA 27A.6455 does not appear in the general judgment interest statute, MCL 600.6013; MSA 27A.6013.

Affirmed. No costs, a public question.

V. J. BRENNAN, J., concurred.


J. H. GILLIS, J. *(dissenting).* I disagree with the majority's position that plaintiffs are not entitled to prejudgment interest. This case does not involve a tort claim with unliquidated damages as was the situation in *Williams v Dep't of State Highways,* 44 Mich App 51; 205 NW2d 200 (1972), and *Reich v State Highway Comm,* 43 Mich App 284; 204 NW2d 226 (1972).

---

[1] Although MCL 600.6013; MSA 27A.6013 now allows recovery of judgment interest calculated from the date of the filing of the complaint, at the time MCL 600.6455; MSA 27A.6455 was originally enacted, 1939 PA 135, § 18, MCL 600.6013; MSA 27A.6013 also provided that judgment interest was calculated from the date of judgment. 1937 PA 77. Thus, the first sentence of MCL 600.6455; MSA 27A.6455 could not have been intended to distinguish the situation under MCL 600.6013; MSA 27A.6013, which permits the recovery of judgment interest which is actually in part prejudgment interest.

Where the damages are liquidated it is a denial of full compensation to preclude interest. Therefore, I would allow plaintiffs to recover prejudgment interest as an element of damages. *Banish v Hamtramck,* 9 Mich App 381; 157 NW2d 445 (1968).