CURTIN v DEPARTMENT OF STATE HIGHWAYS

Docket No. 64669. Submitted March 1, 1983, at Lansing.—Decided
July 11, 1983.

Joyce M. Curtin, individually and as personal representative of
the estate of Deborah J. Curtin, and others brought an action
in the Court of Claims against the Department of State High-
ways alleging negligence in the maintenance of a highway.
Plaintiffs recovered a judgment and the court awarded five
percent postjudgment interest. Plaintiffs moved for assessment
of postjudgment interest at 12% and the court, Robert Holmes
Bell, J., held that the Governmental Tort Liability Act provi-
sion for 5% postjudgment interest was unconstitutional and
granted the motion. Defendant appealed by leave granted.
*Held:*

The statute limiting postjudgment interest in cases of negli-
gent highway maintenance to five percent does not violate the
constitutional equal protection guarantees.

Reversed and remanded.

1. HIGHWAYS — GOVERNMENTAL TORT LIABILITY ACT — RIGHT OF
   ACTION.

   The governmental tort liability act was intended to place victims
   of negligent highway maintenance on "equal footing" as to the
   substantive right to proceed against a governmental tortfeasor;
   however, that same analysis should not be applied to all
   procedural requirements involved in such suits (MCL 691.1401
   *et seq.;* MSA 3.996[101] *et seq.).*

2. HIGHWAYS — GOVERNMENTAL TORT LIABILITY ACT — JUDGMENTS —
   INTEREST.

   The statute limiting postjudgment interest in cases of negligent
   highway maintenance to five percent does not violate the
   constitutional equal protection guarantees (MCL 600.6455;
   MSA 27A.6455).

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Highways, Streets, and Bridges § 120.
[2] 45 Am Jur 2d, Interest and Usury § 73.
    46 Am Jur 2d, Judgments § 244.

*Blanton & Bowman, P.C.* (by *Michael Bowman),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

Before: R. B. Burns, P.J., and Bronson and R. E. Robinson,* JJ.

Bronson, J. Plaintiffs' decedent died as the result of an automobile accident which took place on a state highway, US 27. Plaintiffs brought this action in the Court of Claims alleging that the accident was caused by defendant's breach of statutory duties, MCL 691.1402; MSA 3.996(102). On August 19, 1981, the trial court entered judgment in the amount of $432,487.04, with postjudgment interest computed at five percent pursuant to the Court of Claims Act. MCL 600.6455; MSA 27A.6455. Defendant did not appeal from this judgment.

Subsequently, plaintiffs moved for assessment of 12% postjudgment interest, MCL 600.6013(2); MSA 27A.6013(2). The trial court granted plaintiffs' motion, finding MCL 600.6455; MSA 27A.6455 unconstitutional as a denial of equal protection. Specifically, the court found that this provision operates arbitrarily and without rational basis to discriminate against victims of governmental (as opposed to private) tortfeasors. This Court granted defendant's delayed application for leave to appeal. We disagree with the trial court's finding of unconstitutionality and reverse.

In finding MCL 600.6455; MSA 27A.6455 uncon-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

stitutional, the trial court relied heavily upon the decision in *Reich v State Highway Dep't,* 386 Mich 617; 194 NW2d 700 (1972). In that case, the Court struck down a statutory provision which provided that, as a condition of recovering damages for injuries resulting from a highway defect, the injured person must notify the governmental agency within 60 days of the injury. The Court found an equal protection violation because contrary to the Legislature's intention of placing all victims of negligent conduct on equal footing, the 60-day notice requirement "arbitrarily bars the actions of the victims of governmental negligence after only 60 days". 386 Mich 624. At first glance, *Reich* would appear to stand for the proposition that statutory distinctions between classes of tort victims violate equal protection. However, several subsequent decisions reveal that the analysis in *Reich* is neither authoritative nor binding in the present case.

In *Forest v Parmalee,* 402 Mich 348; 262 NW2d 653 (1978), the Court reviewed the constitutionality of the statutory provision setting a two-year period of limitations for actions alleging negligent maintenance of a highway, MCL 691.1411; MSA 3.996(111). The plaintiffs, citing *Reich, supra,* protested that this provision violated equal protection, because those injured by private tortfeasors would have had three years, rather than two, to file suit. None of the seven justices in *Forest* were willing to go so far in applying the equal protection analysis used in *Reich.* Two justices, COLEMAN and RYAN, stated their opinion that *Reich* had been wrongly decided; their opinion referred to Justice COLEMAN's dissent in *Hobbs v Dep't of State Highways,* 398 Mich 90; 247 NW2d 754 (1976), where Justice COLEMAN had argued that the *Reich* major-

ity had erred in equating governmental tortfeasors
with private tortfeasors. Three other justices,
LEVIN, KAVANAGH and FITZGERALD, refused to
even apply equal protection analysis, finding no
basis for the plaintiffs' claim that the statute in
question even created two classifications among
victims of similar torts. Instead, they noted that
the government is the only party charged with
maintenance of public highways and that, as a
result, negligent highway maintenance would al-
ways be a governmental tort. 402 Mich 363. Only
two justices, WILLIAMS and MOODY, even went so
far as to recognize the validity of the equal protec-
tion analysis used in *Reich.* However, even their
opinion went on to find *Reich* distinguishable in
that its equal protection analysis was applicable
only to substantive rights and not to procedural
requirements such as a period of limitations:

"The *Reich* Court was correct in reasoning that the
Legislature, *inter alia,* intended to place victims of
negligent highway maintenance on 'equal footing' as to
the *substantive* right to proceed against a governmental
tortfeasor. However, we do not believe that the Court
intended that the same analysis should apply to *all
procedural* requirements involved in bringing such
suits.

&ast; &ast; &ast;

"Statutes of limitation are generally considered to be
procedural requirements. *Buscaino v Rhodes,* 385 Mich
474; 189 NW2d 202 (1971). We submit that as proce-
dural requirements these statutes of limitation are to
be upheld by courts unless it can be demonstrated that
they are so harsh and unreasonable in their conse-
quences that they effectively divest plaintiffs of the
access to the courts intended by the grant of the sub-
stantive right.

&ast; &ast; &ast;

"In the instant case, we are persuaded that there is a

rational basis for enacting a shorter statute of limitations for victims of governmental tortfeasors than for victims of private tortfeasors. *Reich* can be distinguished on the quite reasonable grounds that a two-year statute of limitations places significantly less of a hardship upon plaintiffs than does the *Reich* 60-day notice requirement. The 60-day notice requirement was unreasonable because it unduly restricted the substantive right to proceed against the governmental tortfeasor. The two-year statute of limitations constitutes a reasonable procedural requirement which is not nearly as harsh or arbitrary in its consequences for plaintiffs." (Emphasis in original.) 402 Mich 358-360.

The foregoing opinion of Justices WILLIAMS and MOODY was designated as the opinion of the Court in *Forest, supra.*

Since five of the seven justices in *Forest* refused to even consider applying the equal protection anaysis used in *Reich,* there is room to argue that the reasoning of *Reich* has been effectively repudiated and that the case is no longer good law. We would not go so far as to find that *Reich* has been implicitly overruled. Instead, we are willing to overlook the disparity of opinion in *Forest,* and find that the WILLIAMS-MOODY opinion designated as the opinion of the Court in that case has become the authoritative statement of the law.

This finding is supported by the recent decision in *Endykiewicz v State Highway Comm,* 414 Mich 377; 324 NW2d 755 (1982), where the Court held that a plaintiff could recover certain elements of damages (loss of society and companionship) in a wrongful death action arising from the state's failure to properly maintain a highway. Justice COLEMAN, writing for a unanimous Court, used language reminiscent of the opinion in *Reich,* observing that "[t]he objective of the highway liability statute is to place the government on an

equal footing with private tortfeasors". 414 Mich 383. The opinion concluded that, since a private tortfeasor would have been liable for the disputed elements of damages, the state should similarly be held liable. *Id.* This statement might seem inconsistent with Justice COLEMAN's position in *Hobbs, supra,* and with the views of several justices in *Forest, supra.* However, the apparent inconsistency can be resolved by noting that a substantive right of recovery was at issue in *Endykiewicz,* whereas only procedural requirements were involved in *Hobbs* and *Forest.* Conversely, in *Reich,* where the 60-day notice requirement operated to effectively destroy a substantive right of recovery, the requirement was invalid. This pattern of results leads us to conclude that the Court has wholeheartedly embraced the rule announced in the lead (MOODY-WILLIAMS) opinion in *Forest:* the Legislature intended to place victims of negligent highway maintenance on an equal footing with victims of private tortfeasors with respect to substantive rights of recovery but not with respect to certain procedural requirements. The question remaining before this Court is whether the limitation of postjudgment interest to five percent under MCL 600.6455; MSA 27A.6455 is a provision which is so "harsh and unreasonable" in its consequences as to amount to a denial of plaintiffs' substantive right of recovery under the highway liability statutes.

We find it significant that interest on a judgment is purely a creature of statute, *Moore v Dep't of Military Affairs,* 88 Mich App 657; 278 NW2d 711 (1979); its sole purpose is to compensate plaintiffs for their lost use of funds pending payment, *Vannoy v City of Warren,* 26 Mich App 283; 182 NW2d 65 (1970); *aff'd* 386 Mich 686; 194 NW2d

304 (1972). The Supreme Court has consistently held that the amendment of an interest statute relates to remedies or modes of procedures. *Ballog v Knight Newspapers, Inc,* 381 Mich 527; 164 NW2d 19 (1969); *Denham v Bedford,* 407 Mich 517; 287 NW2d 168 (1980). In *Ballog, supra,* the Court observed:

"Interest on a judgment in an action [sounding in tort] for damages to person or property is not of the substance of the right of action but exclusively an incident attached thereto by legislative fiat after such right has been adjudicated." 381 Mich 535, quoting *Foster v Quigley,* 94 RI 217; 179 A2d 494 (1962).

It is apparent that this Court need not characterize postjudgment interest as a substantive element of a plaintiff's recovery. We therefore hold that this aspect of plaintiffs' remedy falls outside the ambit of the Legislature's intention to place victims of negligent highway maintenance on an equal footing with victims of private tortfeasors.

We also note that plaintiffs have failed to discharge their burden of demonstrating that MCL 600.6455; MSA 27A.6455 bears no rational relationship to a legitimate government interest. *Wolodzko v Wayne Circuit Judge,* 382 Mich 528; 170 NW2d 9 (1969). Defendant has noted that the purpose of the five percent interest provision is related to the purpose underlying the entire governmental immunity scheme, namely to limit the liability of the state and to conserve scarce state resources. The limitation on interest liability allows the state to defend against tort actions at a reduced level of economic risk, thereby decreasing the financial burden on the state's taxpayers when

a claim against the state is successful. The provision's limitation on interest awardable in the Court of Claims therefore advances a legitimate governmental purpose without significantly impairing plaintiffs' substantive right to recover for governmental negligence. We conclude that MCL 600.6455; MSA 27A.6455 does not violate the guarantee of equal protection.

We decline to review plaintiffs' alternative argument that the section violates their procedural due process rights by denying them full enjoyment of "vested property rights" pending satisfaction of judgment. Plaintiffs do not demonstrate that their right to 12% interest on their judgment is a vested property right entitled to due process protection. We find it difficult to even consider this right as having "vested", given plaintiffs' failure to point to any statute, court ruling, administrative pronouncement or contractual agreement which might have indicated that plaintiffs would be entitled to such interest or which might have otherwise led plaintiffs to reasonably expect that such interest would be forthcoming.[1]

The trial court erred in finding MCL 600.6455; MSA 27A.6455 unconstitutional. The order striking down that statute and awarding 12% interest under MCL 600.6013(2); MSA 27A.6013(2) must be reversed. The court should recompute interest at the rate of five percent, as provided by MCL 600.6455; MSA 27A.6455.

Reversed and remanded.

---

[1] We note that the applicable statute has long provided for only five percent interest and that the present appeal raising the possibility of higher interest presents a matter of first impression. Nothing in any prior ruling of this Court or the Supreme Court could provide the basis for any argument that plaintiffs have an established or "vested" right to expect an award of 12% interest on Court of Claims judgments.