# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 5, 2007

130732 & (44)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

STEVEN M. ELLS, Personal Representative of
the ESTATE of MAYNARD B. ELLS,
　　　　　Plaintiff-Appellee,

v

EATON COUNTY ROAD COMMISSION,
　　　　　Defendant-Appellant.

SC: 130732
COA: 264635
Eaton CC: 05-000128-NI

_____/

　　　　On order of the Court, the application for leave to appeal the February 7, 2006 judgment of the Court of Appeals and the motion for peremptory reversal are considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we GRANT the motion for peremptory reversal and REVERSE the judgment of the Court of Appeals. The plaintiff did not provide notice to the defendant as required by MCL 691.1404. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007). We REMAND this case to the Eaton Circuit Court for entry of an order granting summary disposition to the defendant.

　　　　WEAVER, J., dissents and states as follows:

　　　　I dissent from the majority's decision to reverse the judgment of the Court of Appeals and remand this case to the Eaton Circuit Court for entry of an order granting summary disposition to the defendant.

　　　　I would deny defendant's application for leave to appeal the February 7, 2006, judgment of the Court of Appeals, which affirmed the Eaton Circuit Court's order denying summary disposition to defendant. I would deny the application on the basis that this Court's decision in *Rowland v Washtenaw Co Rd Comm,* 477 Mich 197 (2007), should be applied prospectively, not retroactively. It is unfair to this plaintiff to apply our decision in *Rowland* to plaintiff's case because plaintiff relied on the law in effect at the time plaintiff filed this case. The law in effect before *Rowland* was that the 120-day

notice rule[1] did not bar a plaintiff from filing suit unless the defendant could establish that the defendant was actually prejudiced by the plaintiff's failure to provide timely notice.[2]

Because defendant was unable to show actual prejudice from plaintiff's failure to provide timely notice, the circuit court denied defendant's motion for summary disposition. While this case was pending, a majority of this Court decided in *Rowland* to overrule *Hobbs* and *Brown* and thereby eliminate the actual-prejudice rule.[3] Because MCL 691.1404 does not contain any requirement that a defendant be actually prejudiced by a complainant's failure to provide timely notice, I do not disagree with the majority's decision to apply the statute as written. However, given that the law in effect both at the time plaintiff's decedent died and at the time plaintiff filed this action was that untimely notice did not bar a claim unless a defendant could demonstrate actual prejudice, plaintiff should be allowed to rely on the law in existence at that time.

CAVANAGH, J., joins the statement of WEAVER, J.

---

[1] MCL 691.1404(1) provides:

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

[2] *Hobbs v Dep't of State Highways,* 398 Mich 90 (1976), rev'd by *Rowland, supra*; *Brown v Manistee Co Rd Comm,* 452 Mich 354 (1996), rev'd by *Rowland, supra.*

[3] But see *Rowland, supra* at 247 (Weaver, J., concurring in part and dissenting in part). See, also, *Rowland, supra* at 248 (Kelly, J., concurring in part and dissenting in part).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 5, 2007

*Corbin R. Davis*
Clerk

d1002