## CROOK v PATTERSON

CONSTITUTIONAL LAW—STATUTES—NEGLIGENCE—NOTICE—HIGHWAYS.

> The notice requirement of a statute which requires notice of a claim against a county road commission for negligence in the maintenance of county roads within 60 days from the time injury occurs violates the equal protection guarantees of the state and Federal Constitution and is, therefore, void and of no effect (MCLA 224.21, 691.1402).

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 May 9, 1972, at Detroit. (Docket No. 12264.) Decided July 26, 1972.

Complaint by Marlene Crook, administratrix of the estate of Bruce I. Crook, deceased, against Virgil W. Patterson and the Saginaw County Board of Road Commissioners for damages resulting from an automobile accident. Defendant Board of Road Commissioners' motion for accelerated judgment denied. Defendant Board of Road Commissioners appeals. Affirmed.

*Shanahan & Scheid,* for plaintiff.

*Collison & Fordney,* for defendant Board of Road Commissioners.

Before: DANHOF, P. J., and LEVIN and BORRADAILE,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

39 Am Jur 2d, Highways, Streets, and Bridges § 121.

40 Am Jur 2d, Highways, Streets, and Bridges § 579.

56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 681, 682, 685.

* Probate judge, sitting on the Court of Appeals by assignment.

PER CURIAM. In *Reich v State Highway Department,* 386 Mich 617 (1972), the Michigan Supreme Court held that the 60-day-notice provision of § 4 of the Government Tort Immunity Act (1964 PA 170; MCLA 691.1404, *et seq.;* MSA 3.996[104], *et seq.)* violates the equal protection guarantees of the Michigan and Federal Constitutions and is, therefore, void and of no effect.

Under the provisions of that act, "the liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4, of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948 [MCLA 224.21; MSA 9.121]". MCLA 691.1402; MSA 3.996(102).

Section 21 of the 1909 act, like § 4 of the 1964 act, requires that notice of injury be given within 60 days from the time the injury occurs. The rationale of *Reich obliges us to hold that the 60-day-notice provision of § 21 of the 1909 act, like the 60-day-notice provision of the 1964 act, is unconstitutional.*

Affirmed. Costs to plaintiffs.