Weaver, J.
(dissenting). I respectfully dissent. Applying the analysis of Manistee Bank & Trust Co v McGowan, 394 Mich 655; 232 NW2d 636 (1975), which the majority overrules, I would affirm the Court of Appeals decision that the statutory scheme concerning pension benefits of the judges of the 36th Judicial District is unconstitutional because it violates equal protection. Moreover, even under the rational-basis test, I would conclude that the funding scheme is unconstitutional.
Because the statute at issue in Manistee Bank involved a discrete exception to the general rule and the statutory exception was no longer experimental, the Court employed a “fair-and-substantial-relation-to-the-object-of-the-legislation” test. Id. at 670-671. The Court further explained:
Where a classification scheme creates a discrete exception to a general rule and has been enforced for a sufficiently long period of time that all the rationales likely to be advanced in its support have been developed, a court should fully examine those rationales and determine whether they are sound. [Id. at 672.]
*17 Likewise, the statutory scheme at issue in the present case involves a discrete exception to the general rule: pension benefits for 36th District judges are funded differently than the pension benefits for the rest of the district judges in the state. Applying the test articulated in Manistee Bank to a similar, older version of the current statutory scheme, a Court of Appeals panel in a previous case struck down the scheme, explaining:
We hold that the statutory disparity in treatment as to the compensation, retirement funding obligations, and retirement benefits violates equal protection. We are unable to discern any constitutionally appropriate basis for the disparities that would permit us to find a reasonable relationship to the object of the legislation or that would avoid the conclusion that the 36th District judges’ preferred compensation treatment is arbitrary and unreasonable. Even though 36th District judges do serve in the most populous area of this state, defendant has not shown that the judges’ duties are thereby expanded; statistical data submitted in this case suggests that their individual case load is less than plaintiff’s own case load. Although defendant suggests that the particular compensation package afforded 36th District judges is attributable to the transitions from those judicial positions superseded by the creation of the 36th District Court, it remains to be explained the significance these historical facts have at this present time or why they serve to justify more favorable compensation and benefits. In short, no reason has been put forth explaining why the duties, responsibilities, and circumstances of service obtaining in the 36th District Court provide the basis for any reasonable justification of more favorable treatment than their counterparts in the other judicial districts of this state. Accordingly, we find ourselves in agreement with the ruling of the Court of Claims that the statutory disparities are unconstitutional. [77th Dist Judge v Michigan, 175 Mich App 681, 691-692; 438 NW2d 333 (1989).]
*18 This analysis is equally applicable to the present case. The statutory scheme guarantees 36th District judge retirees a level of retirement benefits that is not guaranteed to other district judges. Therefore, applying Manistee Bank, I would conclude that the statutory scheme at issue is unconstitutional because it violates equal protection.
Moreover, even if this case were analyzed under the rational-basis test, I would still conclude that the statutory scheme at issue is unconstitutional. As we explained in Reich v State Hwy Dep’t, 386 Mich 617, 623; 194 NW2d 700 (1972), when considering an equal-protection challenge to a statute, the classification at issue must bear a reasonable relationship to the recognized purpose of the act. It may not be arbitrary or unreasonable. Id. (emphasis added). While deferential, the rational-basis test should not be applied so deferentially as to lack any substance. This Court is not simply a rubber stamp for anything the Legislature enacts.
The original goal of the funding scheme was to require the state to begin to fully assume the cost of state-court operations. However, since the Legislature created the funding scheme in 1980, it has taken no further steps to fully fund pension benefits for any other district courts. Thus, if there was a rational basis when the statutory scheme was enacted, it does not continue now, twenty-three years later, when the Legislature has taken no further steps toward its goal to fully assume the cost of state-court operations.[1] *19 Therefore, even under the rational-basis test, the Court should conclude that the statutory scheme is unconstitutional because it violates equal protection.

 The majority’s argument that the rational-basis test is satisfied because the funding scheme would attract competent and qualified attorneys to become judges is not persuasive. First, as noted, the goal of the legislation was to require the state to begin fully funding state-court oper *19 ations. Second, there is no lack of candidates for judicial office in districts where pension benefits are not fully funded. Thus, inducing competent and qualified attorneys to become judges should not be considered a rational basis for the statutory scheme.