# STATE OF MICHIGAN

# COURT OF APPEALS

VIVIAN NICKENS,

Plaintiff-Appellant,

v

CHERYL THOMAS,

Defendant-Appellee.

UNPUBLISHED
November 29, 2016

No. 328302
Wayne Circuit Court
LC No. 14-009671-NI

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Plaintiff Vivian Nickens appeals as of right the trial court's order granting summary disposition in favor of defendant Cheryl Thomas. We affirm.

On July 26, 2011, plaintiff was a passenger on a bus operated by the Suburban Mobility Authority for Regional Transportation (SMART), and defendant was driving the bus. Plaintiff contended that defendant was driving the bus at an excessive rate of speed, made several sudden stops and starts, and was engaged in a personal conversation on her cell phone as she drove. Plaintiff alleged that defendant's distracted and erratic driving caused plaintiff to fall and strike her head on a pole on the bus, resulting in injury. A SMART incident report was prepared the same day as the accident. Plaintiff underwent an Independent Medical Evaluation on December 8, 2011, at the behest of ASU Group, SMART's no-fault claims representative. By letter dated January 11, 2012, a senior claims examiner for ASU Group informed plaintiff that while her medical bills related to her emergency room visit on the day of the accident would be paid, no other bills or benefits would be paid by or on behalf of SMART. In April 2012, plaintiff's counsel submitted an application for bodily injury benefits to ASU Group. There is nothing in the record indicating that plaintiff had served SMART with a written notice of claim based on a personal injury within 60 days of the incident and alleged injury. See MCL 124.419. Indeed, in plaintiff's affidavit, she averred that she was not advised by SMART or ASU Group that she needed to file a notice of claim, as SMART and ASU Group "were already handling it."

On August 16, 2013, plaintiff filed a lawsuit against SMART, alleging claims of negligence, intentional infliction of emotional distress, and violation of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*, along with a count seeking the recovery of personal protection insurance benefits (PIP benefits) under the no-fault act, MCL 500.3101 *et seq.* The negligence and emotional distress claims were summarily dismissed in February 2014

for failure to comply with the 60-day notice of claim requirement in MCL 124.419. The MCPA claim was summarily dismissed in March 2014. In October 2014, plaintiff and SMART stipulated to the dismissal of the claim for PIP benefits, as the parties agreed to binding arbitration on the matter. A few months earlier, in July 2014, plaintiff filed the instant action against defendant bus driver, alleging claims of gross negligence and intentional infliction of emotional distress. Subsequently, the trial court granted summary disposition in favor of defendant, ruling, once again, that there was a failure to comply with the 60-day notice of claim requirement in MCL 124.419. The trial court denied plaintiff's motion for reconsideration, and this appeal followed.

This Court reviews de novo a trial court's ruling on a motion for summary disposition, issues of statutory construction, and questions of constitutional law. *Champion v Secretary of State*, 281 Mich App 307, 309; 761 NW2d 747 (2008). As an initial observation, and although not argued by the parties, plaintiff's suit is clearly barred under the doctrine of res judicata. "The purposes of res judicata are to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication." *Richards v Tibaldi*, 272 Mich App 522, 530-531; 726 NW2d 770 (2006) (citation omitted). "In general, res judicata bars a subsequent action . . . when the facts or evidence essential to the action is identical to that essential to a prior action." *Id.* at 530 (citation omitted). "Res judicata requires that (1) the prior action was decided on the merits, (2) the decree in the prior action was a final decision, (3) the matter contested in the second case was or could have been resolved in the first, and (4) both actions involved the same parties *or their privies*." *Id.* at 531 (citations omitted; emphasis added). "[A] privy includes a person so identified in interest with another that he represents the same legal right, *such as a principal to an agent [or] a master to a servant*[.]" *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 12-13; 672 NW2d 351 (2003) (emphasis added). Here, plaintiff's prior lawsuit relative to the tort claims was decided on the merits, the decree was final, the issue contested in the instant action could and should have been resolved in the first action by simply including defendant as a party, and, although defendant was not a named party in the first suit, SMART and defendant were privies, given the principal-agent and master-servant relationships.

Furthermore, on substantive review, plaintiff's lawsuit fails under MCL 124.419, which provides as follows:

> *All claims* that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: *Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained* and the disposition thereof shall rest in the discretion of the authority and all claims that may be allowed and final judgment obtained shall be liquidated from funds of the authority[.] [Emphasis added.]

In *Atkins v SMART*, 492 Mich 707, 710-711; 822 NW2d 522 (2012), our Supreme Court construed MCL 124.419, ruling:

MCL 124.419 requires that a plaintiff who wishes to bring a claim for injury to person or property arising out of an incident with a common carrier like SMART must provide notice of the claim to the transportation authority within 60 days. Statutory notice requirements must be interpreted and enforced as plainly written. Thus, we hold that notice of plaintiff's application for no-fault insurance benefits, even when supplemented with SMART's presumed "institutional knowledge" of the underlying facts of the injury, does not constitute written notice of a third-party tort claim against SMART sufficient to comply with MCL 124.419. The provisions of MCL 124.419 apply to "ordinary claims" that arise in connection with a common carrier, and the 60–day notice requirement pertains to such claims for personal injury or property damage. An ordinary claim against a common carrier does not include claims made for first-party no-fault benefits. Those no-fault claims are not ordinary tort claims, but a statutory benefit permitted in lieu of tort remedies. Thus, the statutory notice provision does not apply to no-fault claims, and an application for first-party no-fault benefits does not satisfy the statutory requirement to provide the transportation authority notice of a plaintiff's intent to pursue a third-party tort claim. Nor does a common carrier's presumed institutional knowledge of an injury or occurrence relieve a claimant of the obligation to give the formal notice required by the statute.

To the extent that plaintiff is asserting that SMART's institutional knowledge of the occurrence and injury, as reflected in the SMART incident report, sufficed for purposes of MCL 124.419, or that there was, in essence, a claim for PIP benefits within the statutory 60-day period, *Atkins* defeats both arguments.

Plaintiff argues that MCL 124.419 only pertains to a suit against the transportation authority such as SMART and not actions based on gross negligence brought pursuant to MCL 691.1407 against individual governmental employees. However, in *Nuculovic v Hill*, 287 Mich App 58, 65; 783 NW2d 124 (2010), this Court stated and held:

> Plaintiff also argues that to the extent MCL 124.419 applies, it applies only to claims against common carriers, and, therefore, would not apply to any claim against Hill, [the bus driver,] individually. In light of the statutory language indicating that the statute applies to "[a]ll claims that may arise in connection with the transportation authority," we must reject this claim as well. The broad language of the statute indicates that it encompasses plaintiff's claim against Hill, because the claim arises from Hill's operation of the bus as an employee of SMART.

Moreover, there is nothing in the plain language of MCL 691.1407 and MCL 124.419 suggesting that they are mutually exclusive. Defendant's liability or immunity from liability, had this case gone forward, would have been governed by MCL 691.1407, including its gross negligence

provision, while MCL 124.419 simply sets forth a notice requirement that had to be satisfied in order for plaintiff to commence the suit against defendant.[1]

Plaintiff proceeds to argue that because the tort of intentional infliction of emotional distress is an intentional tort, MCL 124.419 is not implicated. Most of plaintiff's argument on this issue concerns her assertion that there is no immunity for governmental employees who commit intentional torts. First, that is not an accurate characterization of Michigan law, as there is immunity for intentional torts if a governmental employee was acting during the course of employment, acting within the scope of his or her authority, acting in good faith, absent any malice, and acting in regard to a discretionary matter. *Odom v Wayne Co*, 482 Mich 459, 480; 760 NW2d 217 (2008). Second, MCL 124.419 speaks of "[a]ll claims" and "any claim," which would certainly encompass plaintiff's claim of intentional infliction of emotional distress; intentional tort claims are not excepted from the notice mandate.

---

[1] In *Odom v Wayne Co*, 482 Mich 459, 479-480; 760 NW2d 217 (2008), the Supreme Court explained the workings of MCL 691.1407 with respect to negligence suits against individual governmental employees:

> To summarize and simplify the application of our decision, we provide these steps to follow when a defendant raises the affirmative defense of individual governmental immunity. The court must do the following:
>
> (1) Determine whether the individual is a judge, a legislator, or the highest-ranking appointed executive official at any level of government who is entitled to absolute immunity under MCL 691.1407(5).
>
> (2) If the individual is a lower-ranking governmental employee or official, determine whether the plaintiff pleaded an intentional or a negligent tort.
>
> (3) If the plaintiff pleaded a negligent tort, proceed under MCL 691.1407(2) and determine if the individual caused an injury or damage while acting in the course of employment or service or on behalf of his governmental employer and whether:
>
> (a) the individual was acting or reasonably believed that he was acting within the scope of his authority,
>
> (b) the governmental agency was engaged in the exercise or discharge of a governmental function, and
>
> (c) the individual's conduct amounted to gross negligence that was the proximate cause of the injury or damage.

Finally, plaintiff presents inadequately developed constitutional arguments, contending that the 60-day notice of claim provision in MCL 124.419 violates the Title-Object Clause of Const 1963, art 4, § 24, and that MCL 124.419 should be deemed void under state and federal due process and equal protection guarantees. With respect to plaintiff's title-object challenge, she maintains that no reasonable person reading 1967 PA 20 – the title of the Metropolitan Transportation Authorities Act of 1967 (MTAA), MCL 124.401 *et seq.* – "would understand that there is a requirement to file a written notice for a claim against a bus driver or individual employee for that person[']s own behavior." 1967 PA 20 provides, in relevant part, that the MTAA is an act "to prescribe penalties and *provide remedies*." (Emphasis added.) The notice of claim provision in MCL 124.419 that must be satisfied before an action is filed is germane, auxiliary, incidental, and relates to "remedies" connected to MTAA-based suits, assisting in the implementation of the MTAA; therefore, there is no title-object violation, as 1967 PA 20 provides the public with proper notice of the requirements of MCL 124.419, absent any deceit or subterfuge. *Pohutski v City of Allen Park*, 465 Mich 675, 691-692; 641 NW2d 219 (2002).

With respect to plaintiff's due process and equal protection claims, she sets forth cursory, disjointed, and nearly indecipherable arguments. In *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), our Supreme Court stated:

> "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." [Citation omitted.]

We shall, however, attempt to substantively address plaintiff's arguments. First, plaintiff, citing ordinance violation cases, appears to contend that MCL 124.419 does not provide fair and adequate warning of what is required in relationship to notice and claims concerning an employee of a transportation authority, allowing for arbitrary enforcement in violation of due process. We conclude that the 60-day notice of claim requirement in MCL 124.419 is very clear, mandating service of the notice in regard to "[a]ll claims" arising in connection with the transportation authority, which plainly would encompass a claim against a bus driver. There was fair and adequate warning, assuming that plaintiff's argument can even be couched in terms of procedural or substantive due process. See *Bonner v City of Brighton*, 298 Mich App 693, 705-710; 828 NW2d 408 (2012), reversed on other grounds 495 Mich 209 (2014).

Plaintiff next seems to suggest that MCL 124.419 violates equal protection because it creates a distinction between grossly-negligent government bus drivers, for whom pre-suit notice must be given, and grossly-negligent government operators of other vehicles, for whom no pre-suit notice must be given, thereby arbitrarily splitting a class of tortfeasors and making it more difficult for certain tort victims to pursue claims. Plaintiff relies on *Reich v State Hwy Dep't*, 386 Mich 617, 622-624; 194 NW2d 700 (1972), which found that there was an equal protection violation where governmental tortfeasors were generally entitled to notice, whereas private tortfeasors were not afforded notice, effectively creating a shortened statute of limitations for victims of governmental tortfeasors as compared to the three-year limitations period applicable to the victims of private tortfeasors. Plaintiff fails to acknowledge and appreciate that our

Supreme Court in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 206-207; 731 NW2d 41 (2007), abrogated and essentially overruled *Reich* with respect to the very proposition for which plaintiff cites *Reich*, noting that there "can be distinctions made between classes of persons if there is a rational basis to do so." Plaintiff has simply failed to adequately develop an argument that equal protection is violated by differentiating, for purposes of notice, between governmental bus drivers and drivers of other governmental vehicles.

Affirmed. Having fully prevailed on appeal, defendant is awarded taxable costs under MCR 7.219.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan